**Dorothy BEAN, as Administratrix of the Estate of Darlene Brantley, Deceased, and as Personal Representative on behalf of decedent's next of kin, Plaintiff,**

v.

**CITY OF BUFFALO, Buffalo Police Commissioner, Ralph Degenhart, City of Buffalo Police Dept., Officer Cedric Holloway and Officer Marvin Sanford, Defendants.**

No. 90–CV–880S.

United States District Court,
W.D. New York.

May 28, 1993.

Alan R. Feuerstein, John V. Elmore, Buffalo, NY, for plaintiff.

Michael P. McKeating, Asst. Corp. Counsel, Buffalo, NY, for defendants, City of Buffalo, Buffalo Police Com'r Ralph Degenhart, The City of Buffalo Police Dept.

Joseph J. Schoellkopf, Jr., Damon & Morey, Buffalo, NY, for defendant, Officer Cedric Holloway.

Michael G. O'Rourke, Buffalo, NY, for defendant, Officer Marvin O. Sanford.

## DECISION AND ORDER

SKRETNY, District Judge.

### INTRODUCTION

Presently before this Court are defendants' motions for a stay pending appeal of

this Court's Decision and Order entered on April 26, 1993 denying defendants' motions for summary judgment on their defense of qualified immunity, and plaintiff's cross-motion to condition a stay upon the posting of a bond. For the reasons discussed below, defendants' motions for a stay will be Denied, and plaintiff's cross-motion will be Denied, as moot.

### FACTS

The different factual versions being advanced by the parties are fully set forth in this Court's Decision and Order ("Decision") entered on April 26, 1993. In that Decision, this Court denied the motions of defendants Cedric Holloway and Marvin Sanford for summary judgment on their defenses of qualified immunity. These defendants argued that, given their version of the facts, plaintiff's decedent had no clearly established constitutional right to be protected from the force that was used against her, and that they had an objectively reasonable belief that their conduct did not violate her constitutional rights. This Court rejected defendants' argument, and held that because there was substantial evidence supporting the factual scenarios presented by both plaintiff and defendants, summary judgment was unwarranted on defendants' claims of qualified immunity. This Court wrote:

> As noted above, factual issues exist regarding the objective reasonableness of defendants' use of force. Similar factual issues preclude this Court from ruling as a matter of law that, under the circumstances that existed, Brantley had no constitutional right to be free from the use of deadly force against her, or that the officers had a reasonable belief that they were not violating Brantley's constitutional rights. It cannot yet be said what the true circumstances were. Therefore, summary judgment on the issue of qualified immunity is unwarranted.

Decision, p. 16.

On May 7 and 11, 1993 defendants filed Notices of Appeal of this Court's Decision and Order, "insofar as said order denied qualified immunity and related issues" (Notices of Appeal, p. 1). On May 11, 1993 counsel for the parties appeared before this Court for a status conference, at which de-fendants' notices of appeal were addressed. Counsel advised this Court that they would be seeking a stay pending resolution of their appeal. By Order of this Court entered on May 12, 1993, counsel for the defendants were directed to submit authority for the issuance of a stay together with their motions. On May 14 and 18, 1993 defendants filed their motions for a stay. On May 14, 1993 counsel for defendant Holloway submitted a Memorandum of Law in Support of Motion for Stay Pending Appeal ("D. Memo."). On May 21, 1993 plaintiff filed a Cross Notice of Motion Opposing Stay and for Conditioning Stay on Bond in the Alternative, accompanied by a Memorandum of Law in Opposition to Defendants Motion for Stay Pending Appeal ("P. Memo.").

### DISCUSSION

The Supreme Court has explained that although the Courts of Appeals have jurisdiction only over "final decisions" of the district courts pursuant to 28 U.S.C. § 1291, a "final decision" is not necessarily the last order that can possibly be made in a case. *Mitchell v. Forsyth,* 472 U.S. 511, 524, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985). A district court order can be appealed if it falls within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 524–25, 105 S.Ct. at 2814 (quoting *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)). In *Mitchell,* the Court explained that in some cases a district court's denial of summary judgment on the issue of qualified immunity may be appealed under *Cohen's* "collateral order doctrine". "Accordingly," the Court wrote, "we hold that a district court's denial of a claim of qualified immunity, *to the extent that it turns on an issue of law,* is an appealable "final decision" within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Id.* at 530, 105 S.Ct. at 2817 (emphasis added).

In the present case, however, this Court's denial of summary judgment on the issue of qualified immunity turned not on an issue of law, but on issues of fact. As this Court explained in its previous Decision and Order, qualified immunity cannot be determined as a matter of law if material factual issues exist. Decision, p. 16 (citing *Rivera v. United States*, 928 F.2d 592 (2d Cir.1991)). See also *Finnegan v. Fountain*, 915 F.2d 817, 821 (2d Cir.1990). This Court determined that there are sufficient facts in the record to permit a reasonable jury to conclude that defendant was fatally shot after she had made no threatening comments to the officers and was standing unarmed at some distance from the officers, and that the officers were standing outside of their car. Therefore, this Court held that defendants Holloway and Sanford were not entitled to qualified immunity as a matter of law. Because genuine issues exist regarding the facts and circumstances surrounding the event, this Court could not make the legal determination that Brantley had no constitutional right to be free from the use of deadly force against her, or that the officers had a reasonable belief that they were not violating Brantley's constitutional rights. See *Krause v. Bennett*, 887 F.2d 362 (2d Cir.1989).

In *Kaminsky v. Rosenblum*, 929 F.2d 922 (2d Cir.1991), the Second Circuit explicitly held that a district court's denial of summary judgment on the issue of qualified immunity is not an appealable order within the scope of *Cohen* and *Mitchell* where the denial was premised upon the existence of factual issues. In *Kaminsky*, the district court denied defendants' motion for summary judgment on the issue of qualified immunity because it determined that factual issues existed regarding the nature of defendants' actions. The Court of Appeals dismissed defendant's appeal, writing:

> Consequently, because a factual finding is essential to resolving the issue of qualified immunity, the denial of appellants' summary judgment motion was not based on a misapprehension or misapplication of law. Inasmuch as there are unresolved disputed questions of fact outstanding, the district court's order is not final. Hence, we lack jurisdiction over the order appealed from and must dismiss the appeal.

*Id.* at 927. See also *Golino v. City of New Haven*, 950 F.2d 864 (2d Cir.1991), *cert. denied by Lillis v. Golino*, —— U.S. ——, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992); *Mahoney v. Hankin*, 844 F.2d 64 (2d Cir.1988) (because resolution of the qualified immunity defense involved questions of both law and fact, court concluded that the denial of summary judgment was not an appealable final order).

At no time did any defendant in the present case argue that, even under the *plaintiff's* version of the facts, they are entitled to qualified immunity. Defendants simply argued that they were entitled to qualified immunity under their version of the facts, and that plaintiff had failed to substantiate her version with admissible evidence. In *Mitchell*, the Supreme Court stated that a district court's denial of a defendant's motion for summary judgment on the ground of qualified immunity is "conclusive" and appealable where the district judge rules "only that if the facts are as asserted by the plaintiff, the defendant is not immune. At trial, the plaintiff may not succeed in proving his version of the facts, and the defendant may thus escape liability. Even so, the court's denial of summary judgment finally and conclusively determines the defendant's claim of right not to *stand trial....*" *Mitchell*, 472 U.S. at 527, 105 S.Ct. at 2816. Likewise, the Court wrote, "Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." *Id.* at 526, 105 S.Ct. at 2815.

Nonetheless, defendants have never argued that they are entitled to qualified immunity under *plaintiff's* version of the facts, and it is incomprehensible that such a legal proposition could be the basis for defendants' appeal. It is likely that defendants have waived this argument for appeal purposes by not raising it before this Court. Furthermore, such an argument would fly in the face of the clearly established principle that police officers are not entitled to qualified immunity for shootings of unarmed individuals who pose no substantial threat of death or serious

injury to the officers or other individuals. See, e.g., *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Therefore, this Court concludes that defendants' appeal is frivolous, because it is grounded either upon questions of fact and is therefore not appealable under the "collateral order doctrine", or upon an unsupportable legal proposition.

■ The appeals of defendants City of Buffalo, Buffalo Police Department, and Police Commissioner Ralph Degenhart are unfounded for an additional reason. These defendants did not move for summary judgment on the basis of qualified immunity, and could not do so. The doctrine of qualified immunity does not extend to municipalities or government officials exercising ministerial, non-discretionary duties who are sued in their official capacities. *Owen v. City of Independence, Missouri*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Therefore, this Court's denial of the summary judgment motions of defendants Holloway and Sanford had no application to the municipal defendants, and they have no basis on which to appeal.

For these reasons, this Court finds that defendants are not appealing an issue of law, but this Court's determination that there are issues of fact precluding summary judgment on the defense of qualified immunity. Hence, defendants' appeal does not fall within the scope of the "collateral order doctrine".

■ Therefore, it becomes necessary to determine whether defendants' appeal prevents this case from proceeding to trial before this Court. Although appeal of a district judge's order typically divests the district court of jurisdiction to proceed with trial until resolution of the appeal, this is not the case where the appeal is entirely unfounded. In *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989), the Seventh Circuit wrote that "a notice of appeal may be so baseless that it does not invoke appellate jurisdiction." *Id.* at 1339 (citing *Richardson v. United States*, 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984)). This may be the case, for instance, where "the district judge has not finally resolved the question of immuni-

ty." *Id.* In such cases, the Seventh Circuit recommended that the district court should proceed under a Seventh Circuit rule permitting the district court to certify that a notice of appeal is frivolous or is being used for purposes of delay, thereby enabling the district court to proceed to trial. This Court recognizes that there is no analogous rule promulgated by the Second Circuit. As discussed above, however, the Second Circuit has explained that it has no appellate jurisdiction to review denials of summary judgment on the issue of qualified immunity where entitlement to the defense depends upon questions of fact, or questions of both law and fact. See *Kaminsky*, 929 F.2d at 927; *Mahoney*, 844 F.2d at 68–69. Because defendants' entitlement to the defense of qualified immunity so clearly depends upon the resolution of material issues of fact, and because the municipal defendants have no cognizable basis for an appeal, this Court holds that the notices of appeal are frivolous, and that they do not invoke appellate jurisdiction.

Furthermore, the approach recommended in *Apostol* has been adopted by a number of courts that do not have provisions for certifying that an appeal is frivolous. See, e.g., *Gaztambide v. Gaztambide*, 794 F.Supp. 451 (D.Puerto Rico, 1992); *Chuman v. Wright*, 960 F.2d 104 (9th Cir.1992); *Stewart v. Donges*, 915 F.2d 572 (10th Cir.1990).

Therefore, this Court concludes that it is not divested of jurisdiction, and need not stay proceedings pending resolution of defendants' appeal. Defendants may seek a stay from the Court of Appeals if necessary, pursuant to Fed.R.App.P. 8.

### CONCLUSION

For the reasons set forth above, this Court holds that defendants' notices of appeal are frivolous, and do not trigger the appellate jurisdiction of the Court of Appeals under the "collateral order doctrine". This Court continues to exercise jurisdiction over this case, and will not stay proceedings pending resolution of defendants' appeal. Therefore, this Court will deny defendants' motions and plaintiff's cross-motion.

## *ORDER*

IT HEREBY IS ORDERED that defendants' motions for a stay are DENIED.

FURTHER, that plaintiff's cross-motion to condition a stay upon the posting of a bond is DENIED, as moot.

FURTHER, that counsel for the parties shall appear before this Court on Tuesday, June 15, 1993 at 9:00 a.m. in Part IV, Mahoney State Office Building, 65 Court Street, Buffalo, New York for a status conference on all remaining pre-trial matters. Counsel shall be prepared to discuss a date for trial.

SO ORDERED.