CONNECTICUT HOSPITAL ASSOCIATION, et al.

v.

William A. O'NEILL, et al.

No. 3:90CV00714(WWE).

United States District Court, D. Connecticut.

Oct. 26, 1994.

Order Denying Stay Pending Appeal Dec. 27, 1994.

Maureen Weaver, Alan G. Schwartz, Keith M. Krom, Denise M. Bourque, Jeffrey R. Babbin, Daniel McKendree Sessa, Wiggin & Dana, New Haven, CT, Fredric J. Entin, American Hosp. Ass'n, Chicago, IL for Connecticut Hosp. Ass'n.

Maureen Weaver, Alan G. Schwartz, Keith M. Krom, Jeffrey R. Babbin, Daniel McKendree Sessa, Wiggin & Dana, New Haven, CT, Fredric J. Entin, American Hosp. Ass'n, Chicago, IL, for William W. Backus Hosp., Bradley Memorial Hosp. & Health Care Center, Bridgeport Hosp., Bristol Hosp., Danbury Hosp., Day Kimball Hosp., Greenwich Hosp., Ass'n, Griffin Hosp., Hartford Hosp., Charlotte Hungerford Hosp., Johnson Memorial Hosp., Lawrence & Memorial Hosp., Manchester Memorial Hosp., Meriden–Wallingford Hosp., Middlesex Memorial Hosp., Milford Hosp., Mount Sinai Hosp., New Britain Gen. Hosp., New Milford Hosp., Norwalk Hosp., Park City Hosp., Rockville Gen. Hosp., St. Francis Hosp. & Medical Center, St. Joseph's Medical Center, St. Mary's Hosp., Hosp. of St. Raphael, St. Vincent's Medical Center, Sharon Hosp., Stamford Hosp., Waterbury Hosp., Winsted Memorial Hosp., World War II Veterans Memorial Hosp., Yale–New Haven Hosp.

Maureen Weaver, Jeffrey R. Babbin, Daniel McKendree Sessa, Wiggin & Dana, New Haven, CT, for Veterans Memorial Medical Center.

Phyllis D. Thompson, Covington & Burling, Washington, DC, Phyllis E. Hyman, Kenneth H. Kennedy, Jr., Peter L. Brown, Attorney General's Office, Hartford, CT, Heather Wilson, Maite Barainca, Arnold I. Menchel, Henry A. Salton, Attorney General's Office, Health & Human Services, Hartford, CT, Kenneth A. Graham, Attorney General's Office, Bridgeport, CT, for William A. O'Neill, Governor and Lorraine Aronson, Com'r of Income Maintenance, Dept. Office.

## RULING ON CONNECTICUT HOSPITAL ASSOCIATION, ET AL'S APPLICATION FOR AN INTERIM AWARD OF ATTORNEYS' FEES

EGINTON, Senior District Judge.

### I. BACKGROUND

On February 14, 1994 plaintiffs applied for an award of attorneys' fees, pursuant to 42 U.S.C. § 1988, in the amount of $139,992.20. The application was submitted subsequent to a ruling in favor of plaintiffs on Count II of their First Amended Complaint. On April 18, 1994 plaintiffs' fee request was granted. The award was limited to hours billed by plaintiffs' counsel for work on Count II and the fee application. The ruling did not quantify the award due to plaintiffs' failure to provide contemporaneous billing records in accordance with *Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir.1986).

On June 7, 1994 plaintiffs filed billing records which reduced their fee claim from $139,992.20 to $123,593.78. Plaintiffs allege that the attorney/client and/or work product privileges required that they redact certain

time entries from their fee request. On July 5, 1994, plaintiffs filed supplemental billing records which set forth billables compiled from January 1, 1994 through March 31, 1994 attributable to Count Two and the fee application. Plaintiffs request a supplemental fee of $62,271.30. Accordingly, plaintiffs are seeking a total of $185,865.08 in fees. At issue is the amount of interim attorneys' fees to be awarded plaintiffs.

## II. *DISCUSSION*

### A. *Reconsideration of Fee Award*

■ Defendants have requested, via their Response To Plaintiffs' Application For Attorney's Fees, that the court reconsider its April 18, 1994 ruling granting interim fees. While the request is untimely, the court will nonetheless reconsider its ruling.

Defendants argue that plaintiffs are not "prevailing parties" under 42 U.S.C. § 1988 and cite to the recent decision of *LaRouche v. Kezer,* 20 F.3d 68 (2d Cir.1994) as controlling. In *LaRouche* the Second Circuit reversed the District Court's award of attorneys' fees, pursuant to 42 U.S.C. § 1988, ruling that relief in the form of a stay and injunction pending appeal is not relief on the merits. Consequently, appellees were not "prevailing parties" under 42 U.S.C. § 1988.

In the case at hand, the plaintiffs prevailed on Count II of their amended complaint. When this court declared defendants' Medicaid reimbursement plan partially null and void, and ordered defendants to issue new findings in compliance with the Boren Amendment, the plaintiffs were granted relief upon an assessment of the merits. The order issued by this court on March 30, 1994, following summary judgment in favor of plaintiff on Count II, does not represent a mere "procedural maintenance of the status quo." *LaRouche v. Kezer,* 20 F.3d at 72. Accordingly, the April 18, 1994 ruling awarding plaintiffs attorneys' fees is AFFIRMED.

### B. *Amount of Interim Fees*

■ A determination as to the amount of fees to be awarded plaintiff is now in order. Any such award must be reasonable. *Cowan v. Prudential Ins. Co. of Am.,* 935

F.2d 522, 524 (2d Cir.1991). A reasonable fee under 42 U.S.C. § 1988 is determined by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984). The resulting figure is referred to as the "lodestar". *Riverside v. Rivera,* 477 U.S. 561, 568, 106 S.Ct. 2686, 2691, 91 L.Ed.2d 466 (1986). The lodestar may be adjusted after considering certain circumstances in the case, the most important of which is the "significance of the overall relief obtained by the plaintiff." *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983).

#### i. *Reasonably expended hours*

Applying the aforementioned lodestar formulation to the fee application herein, the court must first determine the number of hours reasonably expended by plaintiffs in their prosecution of Count II and the fee application. Plaintiffs contend that they are entitled to compensation for 1330.90 hours of work. Documentation in the form of contemporaneous billing records have been filed with the court as proof of the number of hours spent prosecuting Count II and the fee application.

■ "A fee application must be supported by contemporaneous time records which describe with specificity the work done." *Mango v. Communications Workers of Am., AFL–CIO, Local 1105,* 765 F.Supp. 152, 155 (S.D.N.Y.1991). Fees should not be awarded for time entries when the corresponding description of work performed is "vague and therefore not susceptible to a determination of whether the time [billed] was reasonably expended." *Grogg v. General Motors Corp.,* 612 F.Supp. 1375, 1380 (S.D.N.Y.1985). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart,* 461 U.S. at 437, 103 S.Ct. at 1941.

■ Plaintiffs have failed to satisfy their burden of proof with regard to several time entries. Many entries merely state that an

attorney had a "conference with" or a "call to" or "call from" another person without specifying the subject of the conference or call. Counsel should "at least ... identify the general subject matter of his time expenditures." *Hensley v. Eckerhart,* 461 U.S. at 437 n. 12, 103 S.Ct. at 1941 n. 12. While certain time entries were made clearer taken in context with entries that preceded or followed, many entries remain vague.

■ "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart,* 461 U.S. at 433, 103 S.Ct. at 1939. A percentage reduction method has been approved by the Second Circuit "as a practical means of trimming fat from a fee application." *New York Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2d. Cir.1983). Accordingly, for those entries which are too vague to adequately assess reasonableness, the court deducts ten percent from the fee request. *See In Re Olson,* 884 F.2d 1415, 1428–30 (D.C.Cir.1989) (reducing amount of fee request by ten percent, in part because of inadequate billing entries that did not specify the subject discussed at conferences).

■ Defendants contend that several time entries contain "multiple activity descriptions" which render the entries vague as to which portion of the time is in furtherance of prosecution on Count II. That argument is not persuasive. Such problematic "multiple activity description" entries should be differentiated from entries that merely list multiple activities which, when the entries are taken in context, can be attributed to the same issue. After review of the billing records, the court finds the number of problematic "multiple activity description" entries to be *de minimis.* Therefore, a percentage deduction of the lodestar for problematic "multiple activity description" entries is inappropriate.

■ The court also disagrees with defendants' claim that plaintiffs' billing records include duplicative billing. The matter before the court is complex and has spanned four years since its inception. As such, it is reasonable that a number of attorneys and staff participate in the prosecution of the case. *See Meriwether v. Coughlin,* 727 F.Supp. 823, 827–28 (S.D.N.Y.1989) ("The practice of dividing work among various attorneys in a complex and lengthy case is a common practice. That all attorneys would need to familiarize themselves with all the aspects of the case ... is understandable and often a necessity."). Attorney and staff turnover at a large firm over a four year period is further justification for the number of individuals submitting entries on the matter.

#### ii. *Reasonable Hourly Rate*

■ The court finds that the hourly rates requested by the plaintiffs are reasonable. A reasonable rate is the prevailing market rate in the relevant community. *Blum v. Stenson,* 465 U.S. at 895, 104 S.Ct. at 1547. Plaintiffs have submitted a Price Waterhouse survey which analyzes the billing rates charged by Connecticut law firms comparable in size to plaintiffs' counsel. While defendants object to the use of the survey due to its ambiguity as to the particular firms surveyed, plaintiffs' February 14, 1994 affidavit in support of their application for attorneys' fees, in addition to the court's knowledge of current "large firm" billing rates, provide adequate assurance that the survey is an accurate reflection of the prevailing billing rates among the larger Connecticut firms. The survey evidence is sufficient to place the burden on defendants to present "specific contrary evidence tending to show that a lower rate would be appropriate." *Nat. Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1326 (D.C.Cir.1982). The defendants have not provided the court with the necessary evidence to substantiate a lower rate.

The survey indicates that the average billing rate for partners, associates and paralegals (i.e., an average of the "Average"/"Group Median" rate quoted for each category) as of January 1, 1993 was approximately $149.00 per hour. Plaintiffs' fee request charges average billing rates of $147.24 per hour (through December 31, 1993) and $142.26 per hour (post January 1, 1994). Since plaintiffs' counsel's average rates are similar to the average survey rate, the rates

charged in the fee application are deemed reasonable.

### iii. The "Lodestar"

Plaintiffs' fee request of $185,865.08 reduced by ten percent for vague billing entries comes to a lodestar amount of $167,278.57.

Defendants contend that the summary judgment ruling in favor of plaintiffs on Count II was a limited victory, and urge the court to adjust the lodestar downward to reflect such. The court stands by its April 18, 1994 ruling granting attorneys' fees and reiterates that the overall relief obtained by the plaintiffs was significant. The lodestar will not be adjusted.

## III. CONCLUSION

The court's April 18, 1994 ruling granting plaintiffs' Application For An Award Of Attorney's Fees [118] is hereby AFFIRMED and the plaintiffs are awarded $167,278.57 in fees pursuant to 42 U.S.C. § 1988.

SO ORDERED.

## RULING ON DEFENDANTS' MOTION FOR STAY PENDING APPEAL

On October 26, 1994 this court issued a Ruling On Connecticut Hospital Association, et al.'s Application For Interim Award Of Attorneys' Fees granting plaintiff $167,278.57 in fees based on their success on Count II of the amended complaint. Defendants' have appealed the award. They now seek a stay of collection activity pending appeal.

 The issuance of a stay pending appeal lies within the discretion of the court. *Hayes v. City Univ. of New York*, 503 F.Supp. 946, 962 (S.D.N.Y.1980). The court must assess the propriety of a stay in view of the following four factors: (1) whether the stay applicant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the stay applicant has demonstrated a substantial possibility of success on appeal; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir.1992). The movant bears the burden of proof. *Hayes v. City Univ. of New York*, 503 F.Supp. at 962. Defendants have failed to meet their burden with respect to the third factor.

 A federal appeals court has jurisdiction to review three types of orders: (1) final orders, pursuant to 28 U.S.C. § 1291; (2) interlocutory orders pertaining to injunctions; and (3) certified interlocutory orders pursuant to 28 U.S.C. § 1292(b). *Hastings v. Maine–Endwell Cent. Sch. Dist.*, 676 F.2d 893, 895 (2d Cir.1982). An interim award of attorneys' fees is neither a final order, nor an interlocutory order pertaining to an injunction, nor a certified interlocutory order. *Hastings v. Maine–Endwell Cent. Sch. Dist.*, 676 F.2d at 895–96; *See also Baskin v. Hawley*, 810 F.2d 370, 371–72 (2d Cir.1987) ("[A]n award of attorneys' fees to a plaintiff as a prevailing party on some claims, where other claims remain pending, is not immediately appealable."). Furthermore, an interim fee award is not appealable pursuant to the collateral order doctrine. *Hastings v. Maine–Endwell Cent. Sch. Dist.*, 676 F.2d at 895–96.

Because the appeals court does not have jurisdiction to review the fee award, defendants cannot demonstrate a substantial possibility of success on appeal. Accordingly, the issuance of a stay pending appeal is inappropriate. *See Bean v. City of Buffalo*, 822 F.Supp. 1016, 1019 (W.D.N.Y.1993) (request for stay pending appeal denied because the order appealed was not an appealable order).

### CONCLUSION

For the reasons set forth herein, defendants' Motion For Stay Pending Appeal [#271] is DENIED.