**LOCAL 32B–32J, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, for and on behalf of its members; and Local 2, Service Employees International Union, AFL–CIO, for and on behalf of its members, Plaintiffs,**

v.

**PORT AUTHORITY OF NEW YORK AND NEW JERSEY; The Port Authority of New York and New Jersey Police; Frank B. Fox, in his capacity as Acting Superintendent of Police of the Port Authority of New York and New Jersey; Gene Ceccarelli, in his capacity as Captain of the Port Authority of New York and New Jersey Police; Charles Maikish, in his capacity as Director & Chief Executive Officer of the World Trade Center; Edwin Monteverde, in his capacity as General Manager, Tenant Services, World Trade Center; Thomas Rush, in his capacity as Manager of the World Trade Center; Ken Philmus, in his capacity as Manager of the Port**

Authority Bus Terminal, **Barbara Ann Davis** in her capacity as Administrator of the Port Authority Bus Terminal; and **Pearline Washington,** in her capacity as Administrator of the Port Authority Bus Terminal, Defendants.

No. 96 Civ. 1438(SAS).

United States District Court,
S.D. New York.

May 21, 1998.

Ira A. Sturm, Raab & Sturm, L.L.P., New York City, for Plaintiffs.

Milton H. Pachter, Keith E. Harris, The Port Authority of New York and New Jersey, New York City, for Defendants.

## MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

Local 32B–32J, Service Employees International Union, AFL–CIO and Local 2, Service Employees International Union, AFL–CIO (collectively "plaintiffs") brought suit under 42 U.S.C. § 1983 against the defendants for having violated their First Amendment rights. A trial was held and the jury reached a verdict, finding for plaintiffs on the issue of liability but awarding only $0.50 in nominal damages. Plaintiffs, as prevailing parties, now move under 42 U.S.C. § 1988 for an award of reasonable attorney's fees and other costs. In particular, plaintiffs seek $152,606.25 in attorney's fees, $10,328.85 in transcription charges, and $150.00 in filing fees. Plaintiffs also seek expert witness expenses of $32,481.00. For the following reasons, plaintiffs are awarded $122,085.00 in attorney's fees, $10,328.85 in transcription charges, $150.00 in filing fees, and $32,481.00 in expert witness expenses, all totaling $165,044.85.

## DISCUSSION

Fed.R.Civ.P. 68 provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer." The Supreme Court has held that such costs include attorney's fees when it stated:

[A]ll costs properly awarded in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

Here, respondent sued under 42 U.S.C. § 1983. Pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees "as part of the costs." Since Congress expressly included attorney's fees as "costs" available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68.

*Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (citations omitted).

■ In determining whether the judgment obtained by the offeree is more favorable than the offer, one must add pre-settlement fees and costs to the jury verdict to determine the amount ultimately awarded by the court. *Amato v. City of Saratoga Springs*, 991 F.Supp. 62, 68 (N.D.N.Y.1998) (citing *Grosvenor v. Brienen*, 801 F.2d 944, 948 (7th Cir.1986)). Here, defendants made a Rule 68 Offer of Judgment on April 5, 1996 which offered $50,000.00 for compensatory damages, interest, costs, and attorney's fees. Prior to that date, plaintiffs' attorney's fees, without reduction of the lodestar figure by this Court, totaled $41,318.75, transcription charges totaled $6,125.65, and filing fees totaled $150.00. Thus, the monetary judgement, including pre-settlement attorney's fees and costs, amounts to $47,594.40 which is less than the $50,000.00 offered by defendants. Thus, if Rule 68 were applied solely to the damages awarded, plaintiffs would be limited to expenses incurred before April 5, 1996.

■ Rule 68 cannot be limited solely to damages, however, because after trial plaintiffs obtained considerably more injunctive relief than that offered by defendants. *See RCA/Ariola Int'l Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 780 (8th Cir.1988) (Rule 68 inapplicable where the injunction defendants proposed was less favorable to plaintiffs than that actually entered). For example, defendants offered to permit 18 people to engage in free expression in the World Trade Center plaza and concourse areas; this Court, however, held that a 25 person limit was unconstitutionally low. *See Local 32B–32J v. Port Authority of New York and New Jersey*, 3 F.Supp.2d 413, 422–23 (S.D.N.Y.). In addi-

tion, the Port Authority has been enjoined from withholding or revoking permits based on the subjective and discretionary judgments of its managers. The rules proposed in defendants' Offer of Judgment would have allowed its employees similar discretion. *See* Port Authority's Opposition to Plaintiffs' Application for Attorney Fees, Exh. A., ¶ 1.k. Finally, the Court enjoined the Port Authority from applying its rules in a discriminatory manner, as had been its practice. *See Local 32B–32J*, 3 F.Supp.2d at 422–23. This holding provides plaintiffs with a remedy for discriminatory treatment beyond any offered by defendants before the trial.

■ Although not limited to pre-settlement fees and costs, the amount of attorney's fees must be reduced due to the vague descriptions contained in many of the attorney time records. These records contain numerous entries for "research and draft papers" yet there is no indication of what topics were researched or what papers were drafted. In addition, entries for "phone and meetings" do not indicate with whom such telephone calls and meetings took place nor do they adequately describe the nature of what was discussed. The same holds true for the multiple "conference" entries. Also lacking in sufficient detail is plaintiffs' "preparation for trial" description. These descriptions do not provide an adequate basis for this Court to determine the reasonableness of the claimed hours. *See Dailey v. Societe Generale*, 915 F.Supp. 1315, 1328 (S.D.N.Y. 1996), *aff'd in relevant part*, 108 F.3d 451 (2d Cir.1997) ("entries listed simply as 'telephone call,' 'consultation,' and 'review of documents' are not sufficiently specific to as to enable the Court to determine whether the hours billed were duplicative or excessive"). In light of these deficiencies, a 20% reduction in the amount of requested attorney's fees is in order. *See Amato*, 991 F.Supp. at 66 (court reduced fees by 90% given unreasonably high hourly request and inadequate specificity in the billing records).

## CONCLUSION

For the reasons stated above, plaintiffs are awarded $122,085.00 in attorney's fees, $10,-328.85 in transcription charges, $150.00 in

filing fees, and $32,481.00 in expert witness expenses. No other amounts are awarded.

SO ORDERED.