**MR. AND MRS. B. on Behalf of W.B., Plaintiffs,**

v.

**The WESTON BOARD OF EDUCATION, Defendant.**

**No. Civ. 3:97CV452 (DJS) (TPS).**

United States District Court,
D. Connecticut.

Jan. 11, 1999.

**780**

William M. Laviano, Laviano Law Offices, Ridgefield, CT, for Plaintiffs.

Richard J. Buturla, Gregory B. Ladewski, Michelle Claire Laubin, Bercham, Moses & Devlin, P.C., Milford, CT, for Defendant.

### RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

SMITH, United States Magistrate Judge.

The basis for this reimbursement claim is the Individuals with Disabilities Education Act (IDEA) which permits "prevailing parties" to obtain attorney's fees. 20 U.S.C. § 1415(e)(4)(B).[1] In an administrative due process hearing, plaintiffs challenged the appropriateness of the special education program designed for their son. At the hearing, plaintiffs' position was upheld, and the board of education was ordered to pay all reasonable expenses connected with the student's placement in another school.

The plaintiffs' motion for partial summary judgment or judgment on the pleadings was denied without prejudice to refiling with the appropriate fee application (Doc. 27). Now pending is plaintiffs' application for attorney's fees and costs (**Doc.29**) pursuant to 20 U.S.C. § 1415, and this court's prior ruling (Doc. 27) (denying, without prejudice, plaintiffs' motion for partial summary judgment). Plaintiffs now make the appropriate motion for attorney's fees, yet fail to renew their motion for judgment on the pleadings. Because defendant does dispute that plaintiffs were the prevailing party in the due process hearing (Answ.¶ 4), the court treats plaintiffs' application for attorney's fees and costs also as a renewal of their motion for judgment on the pleadings (**Doc.16**).

As defendant admits as much in its answer, the court finds that plaintiffs were a "prevailing party" in the administrative hearing, and judgment on the pleadings (**Doc.16**) is **GRANTED** in their favor. For the reasons below, plaintiffs' application for attorney's fees (**Doc.33**) is **GRANTED** and the court finds that judgment shall enter in favor of plaintiffs in the amount of $34,773.50.

### BACKGROUND

Plaintiffs request a fee award of nearly $70,000.[2] Defendant argues that the requested fee is unreasonable and must be denied or markedly reduced because plaintiffs, through their counsel, Attorney Laviano, (1) failed to meet the standard for contemporaneous time records submitted with a fee application, (2) failed to establish the prevailing rate in the community for the kind and quality of services furnished, and (3) failed to provide appropriate information regarding work done by "legal assistants." Defendant argues for a further fee reduction asserting plaintiffs unreasonably protracted the proceedings. Finally, defendant claims that plaintiffs are not entitled to recover expert witness fees under IDEA.

The court addresses these arguments *in seriatim.*

### A. Plaintiffs' failure to meet standard for contemporaneous time records submitted in connection with a fee application

#### 1. Standard

An award of attorney's fees under the IDEA, 20 U.S.C. § 1415(e)(2), is made at the discretion of the district court, upon consideration of whether the party seeking fees is a "prevailing party" within the meaning of the IDEA, as well as other factors. Additionally, fee applications submitted under IDEA, as with any other fee application, are expected to meet certain standards of specificity in order for the court to be able to

---

1. Since this action commenced the IDEA was revised. Virtually the same language in now found in 20 U.S.C. § 1415(i)(3)(B).

2. Plaintiffs mistakenly assert that the undersigned's ruling recommending summary judgment for plaintiffs on count one was affirmed and adopted by the Honorable Dominic J. Squatrito on June 24, 1998.

render a determination that the fees claimed represent time reasonably expended on the case in question, and charged at a reasonable hourly rate considering the prevailing rate in the community and experience of the person rendering the services. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir .1992), *cert. denied*, 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993).

▬ In order to establish a reasonable amount to award by way of attorney's fees, the court must compute the "lodestar amount" by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933; *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir.1997); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir.1983); *Patrick G. v. Chicago Sch. Dist. No. 299*, 1994 WL 715590, 22 IDELR 223 (N.D.Ill.1994), *affirmed* 69 F.3d 540 (7th Cir.1995). It is well established that "[t]he fee applicant bears the burden of demonstrating, through proper documentation, that an appropriate amount of time was expended at an appropriate hourly rate." *Patrick G.*, *supra*, *citing Zabkowicz v. West Bend Company*, 789 F.2d 540 (7th Cir.1986). Applications for attorney's fees "must be accompanied by contemporaneous time records that specify for each attorney, the date, hours expended, and nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d at 1148. Counsel may recover fees only for entries that "identify the general subject matter of their time expenditures." *Hensley*, 461 U.S. at 437 n. 2, 103 S.Ct. 1933.

▬ Where adequate records have not been kept, the court should not award the full amount requested. *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir.1987). Entries stating such vague references as "review of file", "review of correspondence", "research", "conference with client", and "preparation of brief" do not provide an adequate basis upon which to evaluate the reasonableness of the services and hours expended on a given matter. *See, Connecticut Hospital Ass'n v. O'Neill*, 891 F.Supp. 687, 691 (D.Conn.1994); *Ragin v. Harry Macklowe Real Estate Co.*, 870 F.Supp. 510 (S.D.N.Y.1994); *Orshan v. Macchiarola*, 629 F.Supp. 1014 (E.D.N.Y. 1986). Courts have applied an across-the-board reduction where entries failed to indicate the issue researched or the subject of a conference call, telephone call, or meeting. *Smart SMR of New York. Inc. v. Town of Stratford*, 9 F.Supp.2d 143 (D.Conn.1998) (Goettel, J.) (applying 30% reduction to entire lodestar figure for vague time entries), *citing, Local 32B–32J, Serv. Employees It'l Union v. Port Auth. of New York and New Jersey*, 180 F.R.D. 251 (S.D.N.Y.1998) (reducing requested fees by 20% due to vague descriptions such as "research and draft papers" where entry did not indicate topic researched and "phone and meetings" where entries did not describe nature of discussions). In order to survive a dispute about the sufficiency of time entries, the time records should include a reference line to describe adequately the subject of the work performed. *Smart SMR*, *supra* at 153, *citing Wilder v. Bernstein*, 975 F.Supp. 276, 286 (S.D.N.Y.1997).

▬ Fees should likewise not be awarded for duplicative services and unnecessary expenditures of time, and the records submitted must be sufficient to permit the court to assess the reasonableness of the time expended. *Gagne v. Maher*, 594 F.2d 336 (2d Cir.1979), *affirmed*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Ingram v. Madison Square Garden Center, Inc.*, 482 F.Supp. 918, 929 (S.D.N.Y.1979).

## 2. Discussion

It is undisputed that plaintiffs were a "prevailing party" at the hearing. (Answ.¶ 4).

▬ Rather than submitting contemporaneous time records, plaintiffs' counsel presents the court with canceled checks for amounts paid to his firm, and bills sent to Mr. and Mrs. B. for services rendered. These documents are inadequate to permit the court to make a fully informed judgment as to the reasonableness of the time expended prosecuting this case.

The court's assessment of the reasonableness of time expended in support of this case is based on the submissions of Attorney Laviano dated June 22, 1998 and October 28, 1998, representing bills for services rendered.[3]

Perusal of the bills submitted reveals that many entries represent "legal services rendered", followed by such vague description as "brief writing" or "brief writing and research." Most entries do not reveal by whom the legal services were rendered, or what issues were being "briefed" or "researched".

One of the bills is a compilation of compound entries; one for 27.9 hours of legal services on May 15, 1996, and the other for 28.7 hours of legal services *also* on May 15, 1996. Granting Attorney Laviano the benefit of the doubt, and assuming this entry represents work done over the course of several days, the time spent has not been delineated in terms of time spent on any particular task on any given day. Such a compound entry makes it impossible to determine the reasonableness of the time spent on each task.

■ Due to such vagueness, and inconsistencies, the court finds the records submitted in support of plaintiff's fee application to be inadequate, and reduces by 30% the lodestar figure for fees incurred in conjunction with this matter. *See Smart SMR of New York, Inc. v. Town of Stratford,* 9 F.Supp.2d 143 (D.Conn.1998) (Goettel, J.) (applying 30% reduction to entire lodestar figure for vague time entries), *citing, Local 32B–32J, Serv. Employees It'l Union v. Port Auth. of New York and New Jersey,* 180 F.R.D. 251 (S.D.N.Y.1998) (reducing requested fees by 20% due to vague descriptions such as "research and draft papers" where entry did not indicate topic researched and "phone and meetings" where entries did not describe nature of discussions).

**B. Plaintiffs' counsel's failure to establish the prevailing rate in the community for the kind and quality of services furnished.**

In calculating the lodestar amount, the IDEA states that the rate at which attorney's fees are reimbursed must be in line with the prevailing rate in the community for the kind and quality of the services furnished:

(C) Determination of amount of attorney's fees Fees awarded under this paragraph shall be based upon rates prevailing in the community in which the action or proceeding arose for the kind and quality of the services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection. 20 U.S.C. § 1415(i)(3).

■ In order to establish the prevailing rate in the community in which the action arose, one must provide the court with affidavits or other proof of the same. *See, Smart SMR, supra,* at 149 (finding plaintiff's counsel who failed to submit such affidavits from other attorneys in the area failed to sustain burden of establishing that the requested rates were consistent with those prevailing in the community for similar services).

■ Here, Attorney Laviano submits only his own affidavit that he believes $275.00 per hour is the prevailing rate in the community in which this action arose for the kind and quality of services rendered in this case. No affidavits from other attorneys in the community in support of his requested rate have been submitted.[4]

Given the lack of submitted documentation, and based on the court's experience with prevailing rates for the types of services rendered in this case, the court applies a rate of $200 per hour for purposes of calculating the lodestar figure for Attorney Laviano's time.

---

**3.** The court does not consider the canceled checks or the statements from plaintiffs' bank accounts, which the court finds have no bearing on the reasonableness of the fees claimed.

**4.** The court notes that, in his affidavit, Attorney Laviano states that his current rate is $275.00 per hour and that his rate at the time he was retained by Mr. and Mrs. B. was $225.00 per hour, but does not specify at what rate he is requesting compensation over the course of the litigation.

Attorney Laviano claims 171.7 hours in conjunction with the due process hearing and 49.025 hours during the litigation phase (including preparation of the fee application). That time, at a rate of $200 per hour (220.725 × $200 = $44,145), reduced by 30% ($13,243.50) results in a fee award of $30,901.50.[5]

### C. Lodestar figure reduction by the amount attributed to legal services rendered by Attorney Laviano's "legal assistants" and other attorneys for failure to provide the court with information regarding the reasonableness of or the rates charged for these services.

 Common practice in the filing of fee applications dictates that each individual who has billed time on the case must submit an affidavit to the court indicating their training, level of experience, and swearing or affirming that the time contained in the time records attributed to each individual was actually billed in this case.

 The court has been presented solely with Attorney Laviano's affidavit, stating that the "regular hourly rate is $275.00 for my time and $100.00 per hour for our legal assistants who have extensive special education experience." Attorney Laviano adds that his rate at the time Mr. and Mrs. B. retained him, the rate for his legal assistants was $75.00 per hour, but does not indicate at what point during his service to plaintiffs the rate changed for his assistants. Aff. of William Laviano at 3.

Throughout Attorney Laviano's time records submitted to the court on June 22, 1998 and in those submitted with the Fee Application of October 28, 1998, there are entries for services rendered by individuals with the initials "KHL", "BB", and "ABS". Attorney Laviano has not provided the court with any information concerning these individuals, their level of experience, or the necessity of billing their time in connection with this case. In some instances, in the fee records submitted June 22, 1998, there are references to services performed by a "legal assistant"

without any attribution whatsoever concerning the individual who performed those services.

Also in the fee records submitted June 22, 1998 are references to services performed by "DRL" and "JDL". However, Attorney Laviano has not provided the court with information regarding these individuals, their experience, or the rates charged for their time. Consequently the court lacks information from which it could make a determination as to the reasonableness of the requested fees for these individuals.

Furthermore, an entry dated December 1, 1996, claims 22.7 hours spent on "reading of transcript & entry of data on issues of frailty & due process violation from 12/1/96 through 12/16/96." This entry is not attributed to any particular person but appears to be billed at a rate of $125 an hour.

Based on these deficiencies, the court finds that plaintiffs have failed to meet their burden of proving that this particular time was reasonably spent and may not be compensated for it. Accordingly, the court denies all fees for time spent on this case by "legal assistants" and any attorneys other than William Laviano for failure to meet the burden of proving that the time spent and the rates charged therefor were reasonable.

### D. A reduction on grounds of unreasonably protracting the proceedings is unwarranted.

The court considers defendant's argument that plaintiffs' award should be reduced because they unreasonably protracted the proceedings, and finds that such a reduction is unwarranted.

### E. Costs

 Congress has authorized costs to be shifted to defendants as elements of a "reasonable attorney's fee" under § 1415(e)(4)(B). *See e.g., Northcross v. Board of Ed. of Memphis City*, 611 F.2d 624,

---

5. Plaintiffs are not entitled to recover attorney's fees incurred in connection with attendance at various PPT meetings. To the extent discernible, the court has denied all claims for such reimbursements.

639 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).

The court awards costs in the amount of $97 and $325, totaling $422, incurred during the hearing and litigation phases.

**F. Plaintiffs are entitled to recover expert witness fees expended during the due process hearing.**

Plaintiffs' claim for fees and costs includes $3,450.00 in expert witness fees paid to Dr. Robert Kluger for his testimony during the due process hearing.

Defendant argues that plaintiffs are not entitled to recover expert witness fees expended during the due process hearing under IDEA.

■ Whether expert witness fees are recoverable under the IDEA is a matter of disagreement. Some district courts consider that they are recoverable. *See Bailey v. District of Columbia,* 839 F.Supp. 888 (D.D.C.1993); *Field v. Haddonfield Bd. of Educ.,* 769 F.Supp. 1313 (D.N.J.1991) *see also, Arons v. New Jersey State Bd. of Educ.,* 842 F.2d 58, 62 (3d Cir.), *cert. denied,* 488 U.S. 942, 109 S.Ct. 366, 102 L.Ed.2d 356 (1988). Others do not. *See Cynthia K. v. Bd. of Educ. of Lincoln–Way High School District 210,* 1996 WL 164381 (N.D.Ill.1996); *Jennings v. Duval County School Bd.,* No. 90–378–CIV–J–10 (M.D.Fla.1992).

In *West Virginia University Hospitals v. Casey,* 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), the Supreme Court interpreted 42 U.S.C. § 1988, whose then-current language was almost identical to 20 U.S.C. § 1415, as not authorizing recovery of expert witness fees as part of the costs and attorneys' fees recoverable by the prevailing party in civil rights litigation. However, § 1988 was amended post-*Casey* to include expert fees as part of the attorneys' fees that may be awarded to the prevailing party in civil rights litigation. 42 U.S.C.A. § 1988(c). IDEA was amended in 1997, a fact defendant finds significant for its silence on expert witness fees. The amended statute still reads, in pertinent part, as follows:

> In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of costs to the parents or guardians of a child or youth with a disability who is a prevailing party.

20 U.S.C. § 1415(i)(3)(B) (revised to 1997) (formerly 1415(e)(4)(B)).

Section 1415(e)(4)(B) awards "attorneys' fees as part of the costs", a phrase the congressional conferees intended to encompass "reasonable expenses and fees of expert witnesses." H.R.Conf.R. No. 687, 99th Cong., 2d Sess. 5, *reprinted in* 1986 U.S.C.C.A.N. 1798, 1808; *see also Field v. Haddonfield Bd. of Educ.,* 769 F.Supp. 1313, 1323 (D.N.J.1991) (awarding expert fees "as part of the costs" awarded under § 1415(e)(4)(B)).

The court finds the view that expert witness fees are recoverable under the IDEA as part of attorney's fees and costs to be the better one.

Accordingly, the court awards costs to plaintiffs in the amount of $3,450 for the expense of their expert witness.

**Conclusion**

For the reasons stated, plaintiffs' renewed motion for judgment on the pleadings (**Doc.16**), and their application for attorney's fees and costs (**Doc.29**) are **GRANTED** in accordance with this ruling.

The court determines that the plaintiffs are entitled to attorney's fees in the amount of $30,901.50, and related costs in the amount of $3,872. The Clerk shall enter judgment accordingly in the amount of $34,773.50.

As there are no other matters for the court to decide, the Clerk is also directed to close the file.