**SEA SPRAY HOLDINGS, LTD., Plaintiff,**

v.

**PALI FINANCIAL GROUP, INC. and Buyers United, Inc., Defendants.**

**No. 03 Civ.1988(VM).**

United States District Court, S.D. New York.

Aug. 13, 2003.

Eric J. Grannis, New York City, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

Pursuant to an Order by this Court dated June 23, 2003, counsel for defendant Buyers United, Inc. ("Buyers" or "Defendant") move for attorney's fees in the amount of $23,900.70. Plaintiff Sea Spray Holdings, Inc. ("Sea Spray" or "Plaintiff") opposes on various grounds, asserting that Buyers's requested fees are excessive and should be denied entirely or reduced significantly. For the reasons stated below, the application is granted in part.

## I. DISCUSSION

The Court assumes familiarity with the facts of this case, particularly its Decision and Order of June 23, 2003 ("the Order"), granting Buyers's motion to vacate the stay of arbitration, dismissing the case, and granting Buyers's application for attorney's fees.[1] In accord with the Order, Counsel for Buyers submitted a request

for attorney's fees totaling $23,900.70, representing the sum of the fees requested by the two firms Buyers employed in the litigation: $10,229.45 to Eric J. Grannis ("Grannis"), as set forth in the Declaration of Eric J. Grannis Regarding Attorney's Fees (the "Grannis Decl."), dated July 3, 2003, ¶ 1, and $13,671.25 to Cohne Rappaport & Segal ("Cohne Rappaport, as set forth in the Affidavit of Jeffrey L. Silvestrini, Re: Attorney's Fees") (the "Silvestrini Aff."), dated June 26, 2003 ¶ 8. Sea Spray opposes Buyers's fee application, primarily contesting the "absurd amount of time" spent by Buyers's attorneys on the litigation and the number of attorneys involved assisting Buyers (See Affirmation of Martin I. Gold in Opposition to Defendant Buyers United, Inc.'s Application for Attorney's Fees (the "Opposition"), dated July 10, 2003, at ¶ 8). On July 22, 2003, Buyers submitted a Reply Memorandum of Law in Support of Motions of Defendant/Respondent Buyers United Inc. for Attorney's Fees (the "Reply").

■ In the Second Circuit, the "lodestar" method is used to ascertain reasonable attorney's fees. The lodestar amount is strongly presumed to be reasonable, see *Gonzalez v. Bratton*, 147 F.Supp.2d 180, 211 (S.D.N.Y.2001), and it is calculated by multiplying the number of hours reasonably expended by each attorney by the reasonable hourly rate, see *Pascuiti v. New York Yankees*, 108 F.Supp.2d 258, 266 (S.D.N.Y.2000). The Court has discretion in determining the amount of the fee

---

1. In the Order, the Court granted Buyers request for attorney's fees pursuant to a clause in Paragraph 13 of the Loan Agreement. Paragraph 13 states: "[i]n the event arbitration, suit, or action is brought by any party under this Agreement to enforce any of its terms, and in any appeal therefrom, it is agreed that the prevailing party shall be entitled to reasonable attorneys fees to be fixed by the arbitrator, trial court, or appellate court."

*Sea Spray Holdings v. Pali Financial Group, Inc.*, No. 03–1988, 2003 WL 21459567, at \*10 (S.D.N.Y. June 23, 2003). The Court accepted Buyers's argument that Buyers became the " 'prevailing party' because it will have successfully enforced its right to have the present dispute resolved through arbitration, and would thereby be entitled to reasonable attorney's fees pursuant to the plain language of ¶ 13 of the Loan Agreement." *Id.*

award, based on its knowledge of the circumstances of the case. *See Hensley v. Eckerhart* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Accordingly, "[i]n determining the number of hours reasonably expended for purposes for calculating the lodestar, the district court should exclude excessive, redundant, or otherwise unnecessary hours ..." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir.1999); *See Hensley,* 461 U.S. at 433, 103 S.Ct. 1933.

■ Sea Spray does not challenge the hourly rates charged by the various attorneys and legal assistants retained by Buyers. In any event, this Court finds the rates charged by Buyers's individual attorneys and legal assistants to be within the range of reasonable fees. *See, e.g., Rodriguez v. McLoughlin,* 84 F.Supp.2d 417, 427 (S.D.N.Y.1999) (awarding paralegals between $75/hr and $130/hr depending on experience); *Ramos v. Patrician Equities Corp.,* No. 89 Civ. 5370, 1993 WL 58428, at *29 (S.D.N.Y. March 3, 1993)(holding that attorney hourly billing rates between $150 and $450 are in line with other New York City firms, and that rates between $98 and $280 are modest). *But see In re WICAT Securities Litigation,* 671 F.Supp. 726, 734, 737 (D.Utah 1987)(referencing, but departing slightly downwards from, the Third Circuit Task Force's standardized fee schedule which approves rates between $200 and $85 for attorneys).

Sea Spray opposes Buyers's fee request primarily on the grounds that the number of attorneys working for Buyers on the litigation is excessive, and that the amount of time spent on the case by those attorneys is disproportionate to the nature of

the legal task. The Court finds some merit in this claim.

There are several deficiencies in Buyers's application that warrant a reduction in its attorney's fee request. As a threshold matter, the 123.75 hours spent by Buyers's counsel on a Motion to Dismiss appears to this Court to be "excessive on its face." (Opposition, at ¶ 2).[2] The Court notes that Buyers claims fees for services performed by six different attorneys and two legal assistants. While the bulk of the total hours Buyers's attorneys billed is attributable to three attorneys, Grannis, a New York sole practitioner, Jeffrey L. Silvestrini ("Silvestrini"), and Brian F. Roberts, the latter two from Cohne Rappaport, a Utah firm, and the services of the other three represent a small fraction of the whole, Buyers has not provided sufficient support to satisfy its burden of proving that the services of all of these attorneys and assistants were necessary and reasonable. *See Hensley,* 461 U.S. at 437, 103 S.Ct. 1933 (holding that the fee applicant "bears the burden of ... documenting the appropriate hours expended and hourly rates"). While it is certainly reasonable that Cohne Rappaport, a Utah firm, retained Grannis, a New York lawyer, to consult and assist with Buyers's litigation pending in this District, it is unclear why five attorneys at Cohne Rappaport were necessary to draft the Notices of Removal and the Motion to Dismiss, the latter of which, as Sea Spray notes in its Opposition, is comprised of a mere ten pages of legal argument. (*See* Opposition at ¶ 2). On this accord, the Court believes some reduction of the requested fee is appropriate.

Furthermore, both sets of Buyers's attorneys used "block billing."[3] While "block

2. In its Opposition, Sea Spray colorfully likens the hours submitted by Buyers as "equivalent to three (3) solid 40 hour work weeks, 8 hours a day, 9 a.m. to 5 p.m.—nonstop—of

doing nothing but making a motion to dismiss." (Opposition, at ¶ 2).

3. "Block billing is a form of time-keeping that involves stating the total daily time spent on a

billing is not prohibited in this Circuit," *Rodriguez*, 84 F.Supp.2d at 425, the substantial amount of block billing in the fee requests renders it difficult to determine whether, and/or the extent to which, the work done by Buyers's attorneys is duplicative or unnecessary.[4] (*See, e.g.*, Entries for 3/12/03, 3/13/03, 3/17/03, 3/20/03, Ex. A of Silvestrini Aff.; Entries for 3/20/03, 3/21/03, Ex B. of Grannis Decl.). Additionally, Grannis' fee for travel time is not identified separately and billed at a lower rate.[5]

Nonetheless, when assessing the appropriate fee award, this Court takes into account the "complexity of the issues in the case." *Tri–Star Pictures, Inc. v. Unger*, 42 F.Supp.2d 296, 303 (S.D.N.Y.1999). While the Notices of Removal and the Motion to Dismiss were brief, as noted above, the Court also recognizes that there were multiple parties involved in the litigation—one of whom was a foreign citizen—and that Buyers briefed the relatively complex issue of arbitrability, as well as the issues of personal jurisdiction and forum non conveniens.

Because of these ambiguities, and the inherent difficulties the Court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the Court finds that a fifteen percent "flat" reduction of the fees that Buyers claims is warranted. *See, e.g., Gonzalez*, 147 F.Supp.2d at 213 (reducing the requested attorney's fees by twelve per-

cent for vague entries); *Local 32B–32J, SEIU v. Port Auth.*, 180 F.R.D. 251, 253 (S.D.N.Y.1998)(reducing fee calculations by twenty percent to account for vague descriptions in the time records); *Wilder v. Bernstein*, 975 F.Supp. 276, 283–284 (S.D.N.Y.1997) (reducing fees by ten percent to account for vague time entries). Having reviewed the documentation submitted in support of Buyers's application, and in accordance with prevailing standards and precedents in this District cited above, the Court reduces Buyers's request for attorney's fees by fifteen percent, to $20,315.60, of which $8,695.03 is awarded to Grannis, and $11,620.57 is awarded to Cohne Rappaport.

## II. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendant Buyers's application for reasonable attorney's fees is approved in the amount totaling Twenty Thousand Three Hundred Fifteen Dollars and Sixty Cents ($20,315.60), of which Eight Thousand Six Hundred Ninety–Five Dollars and Three Cents ($8,695.03) is awarded to Grannis, and Eleven Thousand Six Hundred Twenty Dollars and Fifty–Seven Cents ($11,620.57) is awarded to Cohne Rappaport.

**SO ORDERED.**

---

case, rather than separating out the time into individual entries describing specific activities." *Rodriguez*, 84 F.Supp.2d at 425.

4. For example, while counsel at Cohne Rappaport revised and reviewed the Motion to Dismiss (*See* Ex. A of Silvestrini Aff.), Grannis spent part of 2.6 hours on 3/20/03 "reviewing and revising motion to dismiss," some fraction of 5.5 hours "revising motion to dismiss" on 3/21/03, and on 4/8/03, approximately 4.6 hours "revising motion to dismiss." (Ex B. of Grannis Decl.). Block billing prevents the

Court from ascertaining how many of these hours were *actually* spent revising on Motion to Dismiss, because all entries pertaining to revision and reviewing contain other activities as well.

5. Courts in this Circuit regularly reduce attorney's fees by 50 percent for travel time. *See Wilder v. Bernstein*, 975 F.Supp. 276, 283–84 (S.D.N.Y.1997); *Lilly v. County of Orange*, 910 F.Supp. 945, 951 (S.D.N.Y.1996).