**Wanda GONZALEZ**

v.

**TOWN OF STRATFORD, et al.**

**Civ. No. B–91–346(EBB).**

United States District Court,
D. Connecticut.

Aug. 4, 1992.

**112**

Emanuel Margolis, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for plaintiff.

William J. Kupinse, Goldstein & Peck, P.C., Bridgeport, CT, for defendant.

### RULING ON MOTION FOR ATTORNEYS' FEES

ELLEN B. BURNS, Chief Judge.

The plaintiff, an Hispanic woman, filed this civil rights action challenging her termination from the Stratford Police Department on the grounds that she was terminated because of her sex and national origin in violation of Title VII of the Civil Rights Act of 1964 and in violation of her rights under the First and Fourteenth Amendments. The plaintiff further alleges that her termination constituted a breach of her employment contract with the Town of Stratford, a breach of an implied covenant of good faith and fair dealing, and a wrongful discharge.

The plaintiff sought injunctive relief reinstating her with back pay, as well as compensatory and punitive damages, and costs and attorneys' fees. The plaintiff brings suit pursuant to Title VII and 42 U.S.C. § 1983, invoking jurisdiction under 28 U.S.C. §§ 1331 and 1343 and the doctrine of pendent jurisdiction,[1] and names as defendants the Town of Stratford, Robert E. Mossman, Chief of Police for the Town of Stratford, and Ronald Owens, Town Manager for the Town of Stratford.

On July 25 and 26, August 2, 8, 27, 28, and 30, September 25, 26, and 27, 1991, this court held a hearing to address the plaintiff's motion for a preliminary injunction. On August 8, 1991, the court granted the plaintiff's request for a temporary restraining order, reinstating her to her former position. The court found probability of success on the merits, or at least significant questions going to the merits, and irreparable harm.

On March 18, 1992, the court granted the plaintiff's motion for preliminary injunction, finding the plaintiff had established irreparable harm and a likelihood of success on the merits with respect to her Title VII, equal protection, and due process claims and that she raised substantially serious questions going to the merits of her First Amendment claim to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor.

Currently pending before the court is the plaintiff's motion for attorneys' fees and costs pursuant to the provisions of 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k). On July 8, 1992, the court entertained oral argument on this motion. For the following reasons, the motion is granted.

*Discussion*

Section 1988 provides in part "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[2] The court finds the

---

1. Congress has enacted a statute governing what is now called supplemental jurisdiction. 28 U.S.C. § 1367 provides:

    Except as provided in subsections (b) and (c) ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original juris-

diction that they form part of the same case or controversy under Article III of the United States Constitution.

This statute applies to civil actions commencing on or after December 1, 1990.

2. Section 42 U.S.C. § 2000e–5(k) similarly provides "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission

plaintiff is entitled to attorneys' fees as a prevailing party in this civil rights action. "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Texas State Teachers v. Garland Independent School Dist.*, 489 U.S. 782, 789, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989). "[A]t a minimum, to be considered a prevailing party within the meaning of § 1988 the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at 792, 109 S.Ct. at 1493; *see also Koster v. Perales*, 903 F.2d 131, 135 (2d Cir.1990) (affirming district court's finding that plaintiffs in a class action which resulted in a settlement agreement by which plaintiffs obtained relief contemplated at outset of litigation were prevailing parties entitled to attorney's fees for purposes of § 1988).

■ The defendants' assertion that the plaintiff's application for attorneys' fees is premature because this action has not proceeded to a full trial is rejected.[3] Federal courts have found that "[f]or the purpose of deciding whether a plaintiff is a prevailing party, a preliminary injunction is considered a decision on the merits so long as it 'represent[s] an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo....'" *Dahlem v. Bd of Educ. of Denver Public Schools*, 901 F.2d 1508, 1511 (10th Cir.1990) *quoting Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir.1988); *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551, 1558 (11th Cir.1987) ("a preliminary injunction on the merits, as opposed to a merely temporary order which decides no substantive issues but merely maintains the status quo, entitles one to prevailing party status and an award of attorney's

fees"), *reh'g denied*, 816 F.2d 688. *See also Harris v. McCarthy*, 790 F.2d 753, 757 (9th Cir.1986) (affirming district court's award of attorney's fees based on issuance of preliminary injunction, stating that the benefit the plaintiffs achieved was limited only by the temporary nature of the relief); *Chu Drua Cha v. Levine*, 701 F.2d 750, 751 (8th Cir. 1983) (finding plaintiff a prevailing party for purposes of preliminary injunctive relief even though decision might later be modified or vacated because it "represents a substantial measure of success"); *Stuart v. Nappi*, 610 F.Supp. 90, 93 (D.Conn.1985) (granting plaintiffs who were awarded preliminary injunctive relief but whose claims were ultimately dismissed as moot attorney's fees because plaintiffs had achieved success in that litigation benefitted the named plaintiff and the class and had clear precedential value). The court finds the granting of the plaintiff's request for preliminary injunctive relief through reinstatement constitutes an unambiguous indication of probable success on the merits. As the plaintiff's counsel noted at oral argument, the plaintiff has succeeded in achieving the primary relief she sought, and the court's Ruling on Motion for Preliminary Injunction found in her favor with respect to each significant issue raised.

■ The total amount requested is $104,-831.12[4] for a total time expenditure of 723.35 hours, which includes 440.45 hours expended by Steven Frederick at the rate of $94.49 per hour and 14.3 hours expended at the rate of $120.28 for a total amount requested by Mr. Frederick of $43,338.12 and 227.2 hours expended by Emanuel Margolis at the rate of $250 per hour for a total amount requested by Mr. Margolis of $56,800.00. Exhibit A to Motion for Attorneys' Fees and Exhibit 1 to oral argument on Motion for Attorneys' Fees.[5]

or the United States, a reasonable attorney's fee (including expert fee) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

**3.** The defendants have cited no case law in support of this assertion.

**4.** This amount differs slightly from the amount actually requested because of differences between the court's and the plaintiff's calculations.

The court calculates the amount requested by Mr. Frederick in Exhibit A to the Motion for Attorneys' Fees as $41618.12 instead of $41617.50 and calculates the number of hours expended by Mr. Margolis in Exhibit A as 221.2 instead of 223.75.

**5.** The amount also includes time expended by other members and employees of the law firm of plaintiff's counsel, in an amount totalling $4693.00, of which 1.8 hours were billed at $65

The court finds that with a few minor exceptions, the lodestar figure, that is, the number of hours reasonably spent on the case multiplied by a reasonable hourly rate, requested by counsel is reasonable. The court rejects the defendants' suggestion that the number of hours billed is excessive. This case involves a complex factual situation (in part because of the plaintiff's extensive disciplinary record) and also involves several legal issues including race and sex discrimination under Title VII, equal protection and due process claims, and First Amendment issues. In addition, the defendants raised the issue of the requirement of exhaustion of administrative remedies in their motion to dismiss. The defendants argue that the time expended on legal research and drafting is inconsistent with Mr. Margolis' expertise in the civil rights area. However, as Mr. Margolis noted at oral argument, a substantial amount of the time expended on research and drafting was by Mr. Frederick, an associate who bills at less than half the rate charged by Mr. Margolis. The court finds that Mr. Frederick's expenditure of time on researching and drafting was warranted by the complexity of the case, and as stated previously, that the time expended by plaintiff's counsel was generally reasonable.

However, the court does find that some of the entries are too vague to enable the court to consider whether the time was reasonably spent. The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). The fee applicant has failed to satisfy this burden in that several entries merely specify that an attorney performed "research" or had a "telephone conference" without specifying the issue researched or the subject of the telephone conference. "[A]t least counsel should identify the general subject matter of his time expenditures." *Hensley,* 461 U.S. at 437 n. 12, 103

S.Ct. at 1941 n. 12. *See also Wilder v. Bernstein,* 725 F.Supp. 1324, 1337 (S.D.N.Y. 1989), *rev'd on other grounds,* 944 F.2d 1028 (2nd Cir.1991) (reducing amount of fee request by twenty percent, in part because the court found some of the entries too vague to merit compensation); *Grogg v. General Motors Corp.,* 612 F.Supp. 1375, 1380 (D.C.N.Y. 1985) (reducing award by fifty percent in part because "some of the descriptions of the work performed are vague and therefore not susceptible to a determination of whether the time was reasonably expended"); *In Re Olson,* 884 F.2d 1415, 1428 (D.D.C.Cir.1989) (reducing amount of fee request by ten percent, in part because of inadequate billing entries that did not specify the subject discussed at conferences); *Blanchard v. Bergenon,* 893 F.2d 87, 91 (5th Cir.1990) (finding that the trial court did not err in reducing lodestar to account for time records it found unduly vague). As a result of the failure to adequately document their time expenditures, the court reduces the award requested by plaintiff's counsel by ten percent.[6] The Second Circuit has approved the use of percentage reductions instead of ruling on each entry "as a practical means of trimming fat from a fee application" in cases with voluminous fee applications. *See New York Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983). The amount awarded is reduced to $94,348.00.

The court finds that the hourly rates requested by the plaintiff's counsel are reasonable as comparable to rates that would be charged by attorneys with similar experience.[7] *Missouri v. Jenkins,* 491 U.S. 274, 286, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989) ("A reasonable attorney's fee under § 1988 is one calculated on the basis of rates and practices prevailing in the relevant market, *i.e.,* 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation,' ... and one that grants the successful civil rights plaintiff a

per hour, 39.40 hours were billed at $115.00 per hour, and .2 hours were billed at $225.

6. For the most part, the entries are sufficiently detailed to permit the conclusion that the time was reasonably spent.

7. This finding is supported by the affidavits of Attorneys Michael Koskoff and David Rosen.

'fully compensatory fee,' ... comparable to what 'is traditional with attorneys compensated by a fee-paying client.'" (citations omitted). The defendants do not suggest that the requested rates are not those prevailing in the community, but argue that the rates should not apply to all of the tasks performed by counsel and challenge the rates requested for simple work and ministerial tasks including scheduling and travel time. The Second Circuit has stated "a different rate of compensation may well be set for different types of litigation tasks." *Cohen v. West Haven Bd of Police Commr's,* 638 F.2d 496, 505 (2d Cir.1980). However, the court finds that the plaintiff should be awarded a uniform rate for time expended by counsel scheduling. It is not unusual or unreasonable for counsel to schedule matters with the court. Although a paralegal or secretary could have perhaps saved counsel a small amount of the time expended, the administrative convenience to the court of applying a uniform rate outweighs the insignificant savings to the defendants in awarding a lower rate for scheduling.[8] *Thomas v. Bd. of Trustees of Regional Community Colleges,* 599 F.Supp. 331, 335–36 (D.Conn.1984) (within discretion of district court to apply uniform rate); *In re Agent Orange Product Liability Litigation,* 611 F.Supp. 1296, 1326 (E.D.N.Y.1985), *aff'd in relevant part, rev'd in part,* 818 F.2d 226 (1987) (court considered administrative burden to court in deciding to apply flat as opposed to variable rate). The court also rejects the argument that counsel should not be compensated at their standard rates for time spent traveling to court. First, Mr. Margolis represented to the court at oral argument that, during the time spent traveling, he and Mr. Frederick worked on the case. Further, "[w]hen a lawyer travels for one client he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling." *Henry v. Webermeier,* 738 F.2d 188, 194 (7th Cir.1984).

The court is satisfied that the billing entries (with the exception of entries of communications with the media) relate to this case, contrary to the defendants' assertion. The plaintiff is a prevailing party with respect to the Motion for Temporary Restraining Order filed on April 16, 1992 (# 41).[9] The time expended on this motion was intended to ensure the defendants' compliance with this court's previous ruling on the motion for preliminary injunction. *See New York Ass'n for Retarded Children v. Carey,* 711 F.2d 1136 (2d Cir.1983) (approving the award of fees incurred in connection with monitoring compliance of the consent decree). Further, it is well established that the plaintiff's success in receiving the result she sought through agreement does not disqualify her for an award of fees. *Hewitt v. Helms,* 482 U.S. 755, 760–61, 107 S.Ct. 2672, 2675–76, 96 L.Ed.2d 654 (1987) ("[a] lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought ... When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor."); *Koster v. Perales,* 903 F.2d 131, 134 (2d Cir.1990). In addition, plaintiff's counsel represents to the court that the charges relating to this motion do not include charges relating to the state criminal proceeding, and the court finds this representation credible. Supplemental Affidavit of Emanuel Margolis (# 55). In addition, the defendants challenge the time expended on the CCHRO complaint. The Supreme Court has authorized the award of attorney's fees for work performed in state administrative and judicial proceedings that Title VII requires federal claimants to invoke. *New York Gaslight Club v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1979). Therefore, the time expended in relation to the CCHRO complaint is appropriately included in the request.[10] However, plaintiff's counsel have waived their claim for

---

8. The defendants have made no specific proposal as to how the court would reduce the rate to take account that a secretary or paralegal could have performed certain tasks.

9. The background of this motion is set forth in the plaintiff's reply brief (# 54).

10. The court notes that the defendants' motion to dismiss raised the issue of the requirement that the plaintiff pursue a CCHRO complaint.

116

time expended on communications with the media about this case. The amount allowed is reduced by $257.88 to $94,090.12.

The plaintiff's counsel has notified the court by letter that in view of the Supreme Court's decision in *Burlington v. Dague,* —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), they have decided to withdraw their claim for an upward adjustment of the lodestar. Accordingly, the court does not consider this claim, and the court subtracts the $250.00 requested for researching the issue for an allowable award of $93,840.12.

*Conclusion*

In conclusion, the plaintiff's motion for attorneys' fees (# 37) is granted, but the amount is reduced to $93,840.12. The plaintiff shall submit her bill of costs in accordance with Local Rule 17.

SO ORDERED.