**SMART SMR OF NEW YORK, INC.,**
d/b/a/ Nextel Communications,
**Plaintiff,**

v.

**The ZONING COMMISSION OF THE TOWN OF STRATFORD,**
**Defendant.**

**No. 3:97 CV 1292(GLG).**

United States District Court,
D. Connecticut.

June 17, 1998.

Christopher B. Fisher, Cuddy & Feder & Worby, White Plains, NY, for Plaintiff.

Richard J. Buturla, Berchem, Moses & Devlin, P.C., Milford, CT, for Defendant.

## OPINION

GOETTEL, District Judge.

Pursuant to Fed.R.Civ.P. 54(d) and 42 U.S.C. § 1988, Smart SMR of New York, Inc., d/b/a Nextel Communications ("Nextel") has filed an application for attorneys' fees and costs in the amount of $40,444.52, which includes $35,347.00 in legal fees, $3,097.52 in costs, and $2,000.00 for the preparation of the fee application. For the reasons discussed below, we award fees and costs in the amount of $9,411.93.

In an opinion dated February 17, 1998 (document # 20), this Court partially granted summary judgment in Nextel's favor. The relevant portion of the opinion found that the Zoning Commission of the Town of Stratford ("Commission") violated 42 U.S.C. § 1983 because, while it was acting under the color of state law, it deprived plaintiff of its federally guaranteed rights under section 332(c)(7) of the Telecommunications Act of 1996. We assume familiarity with this Court's opinion for the relevant discussion of facts and law.

## DISCUSSION

In part, section 1988 of the civil Rights Attorney's Fees Awards Act of 1976 authorizes a district court in its discretion to award reasonable attorneys' fees to a prevailing party in a proceeding to enforce a provision of section 1983. 42 U.S.C. § 1988. Because both parties agree that Nextel is a prevailing party, see Def.'s Mem. in Opp'n to Pl.'s Applications for Fees, at 4, the only issue for this Court is whether the requested fee is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992), cert. denied, 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993).

Defendant objects to plaintiff's fee request because it contends that the existence of special circumstances warrants the denial of fees in this case. If, however, this Court decides that plaintiff's counsel is entitled to fees, defendant argues that the award should be reduced due to insufficient time records which render it impossible to determine the reasonableness of the requested fees.

## I. Reasonableness of Attorneys' Fees

 To calculate the amount of attorneys' fees, a district court multiplies a reasonable hourly billing rate by the number of hours reasonably expended on the case. Hensley, 461 U.S. at 433, 103 S.Ct. 1933; New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1140 (2d Cir. 1983). The resulting amount is called the lodestar figure. Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir.1997). To establish the entitlement to an attorney's fees award, a fee applicant bears the burden of proving the reasonableness of the requested rates and hours. See Hensley, 461 U.S. at 437, 103 S.Ct. 1933. Additionally, a court should carefully approach the lodestar figure determination. As the Second Circuit has warned, "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." Carey, 711 F.2d at 1139 (citations and internal quotations omitted).

### A. Possibility of No Fee

 Although the parties agree that Nextel is a prevailing party, this status is only the beginning of the fee award inquiry because a party "who has prevailed in the litigation has established only his eligibility for, not his entitlement to, an award of fees." LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir.1998) (internal alteration omitted). Therefore, before reviewing our calculation of the fee award, we must first address defendant's argument that this Court should deny fees due to the existence of special circumstances. At the outset, however, we note that even though the existence of special circumstances might render the award of attorneys' fees unjust, the "statutory language of § 1988 creates a presumption in favor of fee awards...." Williams v. New York City Hous. Auth., 975 F.Supp. 317, 319 (S.D.N.Y.1997).

Defendant contends that the special circumstances consist of the potential chilling effect on "local zoning authorities' role in the placement, construction, and modification of wireless communication facilities if the Plaintiff's motion for fees and costs is granted." Essentially, defendant argues that the threat of attorneys' fees would intimidate local zoning authorities and make it unlikely that they would deny permits for personal wireless service facilities. We reject defendant's argument for several reasons. First, defendant does not cite any authority for the proposition that a potential chilling effect on a local entity's decision-making ability constitutes special circumstances. Second, defendant's argument assumes that most cases under the Telecommunications Act will be decided in favor of personal wireless service providers—for, how could the threat of attorneys' fees intimidate zoning authorities unless the zoning authorities usually were liable? Indeed, we note that courts are not automatically predisposed to the wireless providers' favor. *See, e.g., Sprint Spectrum L.P. v. Willoth,* 996 F.Supp. 253 (W.D.N.Y. 1998) (finding in the town's favor and holding that the zoning authority did not violate the Telecommunications Act); *AT & T Wireless Servs. of Florida, Inc. v. Orange County,* 994 F.Supp. 1422 (M.D.Fla.1997) (same); *Century Cellunet of Southern Michigan, Inc. v. City of Ferrysburg,* 993 F.Supp. 1072 (W.D.Mich.1997) (same); *AWACS, Inc. v. Zoning Hearing Bd. of Newton Township,* 702 A.2d 604 (Pa.Cmwlth.1997) (same); *New Brunswick Cellular Tel. Co. v. Borough of S. Plainfield Bd. of Adjustment,* 305 N.J.Super. 151, 701 A.2d 1281 (App.Div.1997) (same). Contrary to defendant's conclusions, we find that the threat of attorneys' fees could influence zoning authorities to ensure that their decisions comply with the Telecommunications Act's requirements.

Defendant also contends that Congress did not intend the Telecommunications Act to penalize local zoning authorities for their adverse decisions against wireless service providers. Nothing in the legislative history supports this position. Rather, one of the Telecommunications Act's purposes is to provide a vehicle for wireless service providers to sue local zoning authorities based on any adverse decisions that fail to comply with the provisions of section 332(c)(7). *See* 47 U.S.C. § 332(c)(7)(B)(v); H.R.Conf.Rep. No. 104-458, at 208 (1996).

■ Generally, the central question in determining the reasonableness of a fee request is the degree of success obtained. *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (quoting *Hensley,* 461 U.S. at 436, 103 S.Ct. 1933). If a litigation resulted in the award of significant injunctive relief, it is usually appropriate to grant the prevailing party attorneys' fees. *LeBlanc–Sternberg,* 143 F.3d at 758; *see Hensley,* 461 U.S. at 435–36 n. 11, 103 S.Ct. 1933. As the Supreme Court stated, "[i]f the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791–92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (citation and internal quotation marks omitted).

Here, this Court's opinion directed defendant to grant Nextel a special permit to install a personal wireless service facility on an existing 110 foot tall windmill. There is no question that the injunctive relief was significant to Nextel because the substance of the relief granted was exactly the type of relief sought initially. Consequently, the issue becomes the amount of fees to which Nextel is entitled.

### B. Reasonable Rates

■ Nextel requested the following hourly billing rates:

| Individual | Title | Rate |
|---|---|---|
| Ruth E. Roth | Partner | $275.00 |
| Christopher B. Fisher | Associate | $190.00[1] |
| | | $195.00[2] |
| Daniel F. Leary | Associate | $185.00 |
| Christine Bacon Abramowitz | Associate | $140.00 |
| Isaac Marcus | Law Clerk | $95.00 |
| Anna Georgiou | Law Clerk | $95.00 |
| Keith Goldstein | Law Clerk | $95.00 |
| Linda Grant | Paralegal | $95.00 |

**1.** Before September 1, 1997.

**2.** After September 1, 1997.

Fisher Aff. ¶ 8.

 In calculating the lodestar figure, a district court should use the reasonable hourly rates which are prevailing in the community. *Blum v. Stenson,* 465 U.S. 886, 895 & n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The appropriate community rate is determined by assessing the market rates in the forum of the litigation. *See Luciano,* 109 F.3d at 115–16 (applying the rates of the forum district—the Eastern District of New York—instead of the market rates of the Southern District of New York, which was the district of plaintiff's Manhattan-based counsel); *Cruz v. Local Union Number 3 of Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1159 (2d Cir.1994) (stating that the relevant community is the judicial district in which the trial court sits) (citation and internal quotation marks omitted). Despite plaintiff's assertions, we will not consider the prevailing rates in the Second Circuit as a whole. Accordingly, although plaintiff's counsel has its primary office in White Plains, New York, we will consider the billing rates of the District of Connecticut.

 After carefully reviewing Nextel's fee application and supporting documents, we find that Nextel did not sustain its burden of establishing that the requested rates are consistent with those prevailing in the community for similar services. In its affidavit, Nextel did not specify the experience, skill, and reputation of each attorney, law clerk, and paralegal at Cuddy & Feder & Worby who worked on the case.

 In addition to an attorney's own affidavit, a fee applicant must produce satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum,* 465 U.S. at 895–96 n. 11, 104 S.Ct. 1541. Nextel did not provide this Court with a recent survey or affidavits of other lawyers in the market area which analyzed billing rates charged by Connecticut law firms providing similar services. Instead, Nextel submitted a one-page chart of court decisions from the Second Circuit for the time period of 1991 to 1995 listing the rates which were found reasonable. Fisher Aff.Ex. A. The chart lists only two District of Connecticut cases from 1991 and 1992. In one, the Second Circuit affirmed an award of attorneys' fees based on a billing rate of $175 per hour. *Ruggiero v. Krzeminski,* 928 F.2d 558, 564 (2d Cir.1991). The opinion does not indicate whether this was an average rate of partners, associates, and paralegals who had worked on the litigation, nor does it indicate whether the $175 rate corresponded to a certain level of experience, skill, and reputation. Thus, we find *Ruggiero* to be of limited value. The second case listed on the chart is *Gonzalez v. Town of Stratford,* 830 F.Supp. 111 (D.Conn.1992). Noting that the case involved a complex factual situation, the court found that reasonable hourly billing rates included rates of $65.00, $94.49, $115.00, $120.28, $225.00, and $250.00. *Id.* at 113–14 & n. 5. The court, however, did not specify the level of experience, skill, and reputation associated with each rate. *Compare Luciano,* 109 F.3d at 114–16 (determining that in the Eastern District of New York, the prevailing hourly rates for Title VII cases are $225 for a lead partner with twenty-four years experience and expertise in litigating discrimination cases, $135 for a fifth-year associate, and $50 for paralegals).

 Based on Nextel's failure to submit any proof of the prevailing community rate, this Court relies on its knowledge of rates charged by counsel in this District, *Miele v. New York State Teamsters Conference Pension & Retirement Fund,* 831 F.2d 407, 409 (2d Cir.1987), and we consider the rates which other Connecticut courts found reasonable. *See Skubel v. Sullivan,* Civ. No. 90–279, 1998 WL 136176, at *3 (D.Conn. Mar.11, 1998) (in a disability case, applying hourly rates of $250 and $200 for lawyers who had twenty-three and thirteen years experience in disability law, respectively, and who both taught disability law at Yale Law School; $175 for a lawyer with seventeen years experience in disability and Medicaid law; $125 for an attorney with lesser experience; and $60 for law students); *Evans v. Connecticut,* 967 F.Supp. 673, 691–92 (D.Conn.1997) (concluding that reasonable hourly rates are $200.00 for lead counsel and $50.00 for para-

legals and law students); *G.R. v. Regional Sch. Dist. # 15,* Civ. No. 3:95–2173, 1996 WL 762324 (D.Conn. Dec. 26, 1996) (stating that $225.00 per hour is a reasonable rate for lead counsel with the skill and experience of the plaintiff's counsel); *Connecticut Hosp. Ass'n v. O'Neill,* 891 F.Supp. 687, 691–92 (D.Conn. 1994) (finding that it was reasonable to charge an average hourly billing rate of $147.24 for partners, associates, and paralegals as of December 31, 1993, and of $142.26 after January 1, 1994); *Laudano v. City of New Haven,* Civ. No. 330523, 1998 WL 281824 (Conn.Super. May 14, 1998) (finding that in a civil rights case under 42 U.S.C. § 1983, it was reasonable to charge $250 per hour for two partners with over twenty years experience because the rate was supported by "voluminous materials;" and where it was conceded, it was reasonable to charge an hourly rate of $150 for associates and $50 for a paralegal); *Weyel v. Catania,* Civ. No. 940361996S, 1997 WL 524145 (Conn.Super. Aug. 14, 1997) (applying an hourly rate of $200.00 for the lead attorney in a civil rights case brought under 42 U.S.C. § 1983, and noting that "very few attorneys have received fees based on a rate as high as $250.00 per hour").

Consequently, we find that the following hourly rates are reasonable: Ruth E. Roth, Partner—$200.00; Christopher B. Fisher, Associate—$135; Daniel F. Leary, Associate—$130; Christine Bacon Abramowitz, Associate—$100; Isaac Marcus, Law Clerk—$50; Anna Georgiou, Law Clerk—$50; Keith Goldstein, Law Clerk—$50; and Linda Grant, Paralegal—$50.[3]

**C. Reasonable Hours**

Defendant objects to the number of hours requested by Nextel because it contends that the lack of detail in the billing entries renders it impossible to assess the reasonableness of the time expended. Specifically, defendant argues that the time records relating to the preparation of the complaint, summary judgment motion, and the reply to the summary judgment motion are insufficient. De-

fendant further argues that the lack of detail in the billing entries makes it difficult to determine whether plaintiff's counsel unnecessarily duplicated efforts or expended excessive hours.

■■■ To determine the reasonableness of the requested hours, a court should consider whether the number of hours claimed by counsel is supported by contemporaneous time records. *LeBlanc–Sternberg,* at 763. Additionally, the "task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir.1994) (remanding an award of attorneys' fees and directing the magistrate judge to critically review the time records for the pre-verdict hours requested by plaintiff's counsel).

■■■ In its discretion, a court may exclude hours that are excessive or duplicative. *Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 98 (2d Cir.1997). A court may also refuse to award fees based on time entries that provide a vague description of the work performed. *O'Neill,* 891 F.Supp. at 690–91; *Gonzalez,* 830 F.Supp. at 114. Finally, a court may exclude any hours for which it concludes that expenditures were unreasonable. *Luciano,* 109 F.3d at 116.

■■■ By this Court's calculation, counsel spent approximately 45.7 hours preparing the complaint. The bulk of the entries describing these hours state: "Document Preparation—Complaint," "Document Preparation—Draft Complaint," or "Document Review—Review Proposed Complaint." In preparing the summary judgment motion, counsel spent about 80.7 hours. The entries supporting these hours provide: "Document Preparation—Motion for Summary Judgment" or "Motion—Memo of law, affirmation." Finally, we calculate that counsel spent about 48.6 hours preparing the reply brief, with supporting entries such as: "Document Review—reply brief" or "Document Preparation—reply memo of law."

---

**3.** *See United States Football League v. National Football League,* 887 F.2d 408, 416 (2d Cir.1989) (finding that it is reasonable to charge the same rate for law students and paralegals), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1022 (1990).

 Based on this Court's knowledge of cases under the Telecommunications Act,[4] we find that plaintiff's counsel spent unnecessary and excessive hours preparing the complaint, the summary judgment motion, and the reply brief in support of summary judgment. In determining the reasonableness of a fee, a court must consider the facts of the particular case, including the novelty and difficulty of the issues presented. *Hensley,* 461 U.S. at 429 & 430 n. 3, 103 S.Ct. 1933. While the Telecommunications Act is relatively new, cases arising under it generally are neither legally nor factually complex, and therefore do not justify an inordinate amount of time. Legally, most courts agree on the interpretation of the statutory requirements.[5] Moreover, most cases are decided by summary judgment because there are generally no factual disputes. Rather, the parties typically rely on the record from the zoning board process, and the only issue is whether the manner in which a permit or application was denied complied with the Telecommunications Act. Additionally, because the parties can rely on the return of record, a limited amount of discovery is required. Indeed, in the Scheduling Order entered in this case, the parties stated that "discovery is not required to adjudicate the issues raised in plaintiff's complaint or defendant's affirmative defense." Report of Parties' Planning Meeting, ¶ 3.

Another factor that we consider in deciding the reasonableness of the hours expended on this litigation is the relative short duration of the case. Here, plaintiff moved for summary judgment about three months after it filed the complaint. Except for one exten-sion of time granted to defendant to respond to Nextel's summary judgment motion, the parties adhered to the deadlines they set. Indeed, the parties jointly submitted the Report of Parties' Planning Meeting without this Court's assistance. Moreover, there was never a conference, hearing, or other court appearance in this case. By the time judgment had entered in plaintiff's favor, the entire litigation had taken less than eight months.

 Additionally, although lawyers may not be familiar with the Telecommunications Act because of its relative youth, lawyers should not expect their clients to foot the bill so that they can acquire the knowledge necessary to litigate these cases. *See Hensley,* 461 U.S. at 438 n. 13, 103 S.Ct. 1933 (approving a district court's 30% reduction in an attorney's requested hours "to account for his inexperience"). Instead, the lawyer's hourly billing rate should reflect the lawyer's expertise. *Roe v. City of Chicago,* 586 F.Supp. 513, 516 (N.D.Ill.1984). As the Third Circuit stated, "[a] fee applicant cannot demand a high hourly rate ... and then run up an inordinate amount of time researching that same law. Double dipping, in any form, cannot be condoned." *Ursic v. Bethlehem Mines,* 719 F.2d 670, 677 (3d Cir.1983).

Because we have applied a reasonable hourly rate, *supra,* we will reduce the amount of hours expended on the preparation of the complaint, summary judgment motion, and reply brief by 50% because we find the hours actually expended to be excessive. *See Luciano,* 109 F.3d at 117 (affirming a district court's 50% reduction of certain

---

4. *See Sprint Spectrum L.P. v. Town of North Stonington,* Civ. No. 3:97–2679 (filed Dec. 23, 1997) (summary judgment motion pending) (GLG); *Cellco Partnership v. Town Plan & Zoning Comm'n of Farmington,* Civ. No. 3:97–2155, 1998 WL 220030 (D.Conn. Apr. 13, 1998) (GLG); *Sprint Spectrum L.P. v. Town of Farmington,* Civ. No. 3:97–863, 1997 WL 631104 (D.Conn. Oct. 6, 1997) (GLG).

5. *Compare* the following cases which were decided before Nextel filed its reply brief in support of its summary judgment motion. *AT & T Wireless Servs. of Florida, Inc. v. Orange County,* 982 F.Supp. 856 (M.D.Fla.1997); *Century Cellunet of Southern Michigan, Inc. v. City of Ferrysburg,* 993 F.Supp. 1072 (W.D.Mich.1997); *Sprint Spectrum L.P. v. Town of Farmington,* Civ. No. 3:97–863, 1997 WL 631104 (D.Conn. Oct. 6, 1997); *Sprint Spectrum L.P. v. Town of Easton,* 982 F.Supp. 47 (D.Mass.1997); *AT&T Wireless PCS, Inc. v. City Council of City of Virginia Beach,* 979 F.Supp. 416 (E.D.Va.1997); *Sprint Spectrum L.P. v. Jefferson County,* 968 F.Supp. 1457 (N.D.Ala.1997); *Illinois RSA No. 3, Inc. v. County of Peoria,* 963 F.Supp. 732 (C.D.Ill.1997); *Western PCS II Corp. v. Extraterritorial Zoning Auth. of Santa Fe,* 957 F.Supp. 1230 (D.N.M.1997); *BellSouth Mobility Inc. v. Gwinnett County,* 944 F.Supp. 923 (N.D.Ga.1996). *But see Sprint Spectrum, L.P. v. City of Medina,* 924 F.Supp. 1036 (W.D.Wash. 1996).

hours reported by one of plaintiff's lawyers who served as second counsel because the court found the hours to be excessive based on the lawyer's lack of meaningful participation during jury selection, trial, and the charge conference); *DiFilippo v. Morizio,* 759 F.2d 231, 236 (2d Cir.1985) (finding that counsel billed an excessive amount of time by spending 46 hours on a pre-trial memorandum, 29 hours on a post-trial memorandum, and 42 hours on the fee application); *Wilder v. Bernstein,* 975 F.Supp. 276, 282–83 (S.D.N.Y.1997) (reducing by about 50% the hours a junior lawyer spent preparing a ten-page, mostly factual letter to the court because a more senior lawyer who had a specialized knowledge of the facts also worked on the letter; and even though the junior lawyer's billing rate was lower, it would have been more efficient for only the senior lawyer to have prepared the letter or, at the very least, for the firm to have limited the number of hours the junior lawyer spent on the letter); *Helbrans v. Coombe,* 890 F.Supp. 227, 233 (S.D.N.Y.1995) (reducing the total hours and disbursements charged by 10% because the court found that the hours requested were excessive in relation to the issues to be resolved and the time period in which to resolve them).

■ We also exercise our discretion to exclude the number of hours which plaintiff's counsel spent preparing for the zoning commission hearing held on June 9, 1997. This is unlike Title VII cases in which counsel may be awarded fees for time expended in connection with federal or state administrative proceedings. *See New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). In Title VII cases, the alleged discrimination has already occurred when a plaintiff files his or her complaint with the federal or state agency. Here, however, the Commission did not discriminate against Nextel until it denied Nextel's application for a special permit, which occurred after the hearing on Nextel's application. Moreover, unlike Title VII, the Telecommunications Act does not require personal wireless service providers to submit to a hearing on their applications before bringing suit in federal court. Indeed, the only prerequisite to suing under the Telecommunica-

tions Act case is that a person be adversely affected by a final decision or failure to act of a state or local authority. 47 U.S.C. § 332(c)(7)(B)(v). Consequently, we find that the hearing on Nextel's application is not considered a proceeding for purposes of section 1988, and we therefore exclude the hours spent preparing for this hearing from Nextel's fee request.

■ In its request for fees for July, plaintiff seeks reimbursement for 1.5 hours relating to a motion for default judgment, which was never filed. We find this time spent unnecessary and unrelated to the case because counsel expended these hours about three weeks after the complaint was filed. We do not find that a reasonable attorney would have spent time researching a motion for a default judgment at the inception of a case. *See Grant,* 973 F.2d at 99 (stating that the inquiry is whether a reasonable attorney would have engaged in similar time expenditures at the time the work was performed). Thus, we exclude 1.5 hours from plaintiff's July fee request as unreasonably expended hours.

■ Finally, we exercise our discretion to apply a 30% reduction to the fee award because the descriptions in counsel's time records are vague and insufficient. *See Hensley,* 461 U.S. at 433, 103 S.Ct. 1933 (permitting a district court to reduce a fee award where the documentation of hours is inadequate). Counsel may recover fees only for entries that "identify the general subject matter of [their] time expenditures." *Id.* at 437 n. 12, 103 S.Ct. 1933. Based on this rationale, other courts have applied an across the board reduction due to entries that failed to indicate the issue researched or the subject of a conference call, telephone call, or meeting. *See Local 32B–32J, Serv. Employees Int'l Union v. Port Auth. of New York and New Jersey,* Civ. No. 96–1438, 1998 WL 274336, at *2 (S.D.N.Y. May 26, 1998) (reducing the requested attorney's fees by 20% due to vague descriptions in the time records, such as "research and draft papers" where the entry did not indicate the topic researched; and "phone and meetings" where the entry did not describe the nature of the

discussions); *Williams,* 975 F.Supp. at 327–28 (reducing the lodestar figure by 10% due to vague and inadequate time entries, including "discuss w/george," "call w/samuel," and "ltr to plaintiff"); *Wilder,* 975 F.Supp. at 286 (reducing two lawyers' lodestar figures by 10% because the attorneys had made cryptic and vague time entries, such as "reviewed correspondence," "reviewed docs," and "TC w/Elaine Walsh"); *O'Neill,* 891 F.Supp. at 690–91 (reducing the fee request by 10% based on vague entries which stated that the attorney had "a conference with," a "call to," or a "call from"); *Ragin v. Harry Macklowe Real Estate Co.,* 870 F.Supp. 510, 520 (S.D.N.Y.1994) (reducing the lodestar figure by 30% due to vague entries, such as "research for brief," "draft and edit brief," "telephone call to S. Berger," and "review Macklowe files"); *Gonzalez,* 830 F.Supp. at 114 (applying a 10% reduction to a fee award for inadequately documented time entries which merely indicated that an attorney performed "research" or had a "telephone conference"); *Grogg v. General Motors Corp.,* 612 F.Supp. 1375, 1380 (S.D.N.Y.1985) (reducing an award by 50% because there was "substantial duplication of effort" and because "some of the descriptions of the work performed are vague and therefore not susceptible to a determination of whether the time was reasonably expended"). To survive a dispute about the sufficiency of time entries, lawyers should include a reference line in their description of the work they performed. *Wilder,* 975 F.Supp. at 286. As mentioned previously, many of counsel's lacked a reference line which resulted in truncated descriptions, such as "document review," "research," "telephone with Bob Nichols," "letter to Mr. Buturla," and "motion—memo of law, affirmation." Consequently, we reduce the lodestar figure by 30% due to vague and insufficient entries.

After multiplying the reasonable hourly rates by the number of hours reasonably expended on this case, we reached a lodestar figure of $11,878.75. Next, we reduced this amount by 30% ($3,563.63) for the insufficient time records. Thus, we calculated that Nextel is entitled to $8,315.12 in attorneys' fees. Our calculation of the lodestar figure is set forth in more detail in Exhibit A.

## II. Attorneys' Fees for Fee Application

As part of its attorneys' fee request, plaintiff is seeking $2,000.00 for the time spent preparing the fee application. Generally, prevailing parties are entitled to reimbursement for the amount of time spent by their lawyers in preparing fee applications. *Gagne v. Maher,* 594 F.2d 336, 344 (2d Cir.1979), *aff'd,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Here, however, we find that Nextel did not sustain its burden of establishing its entitlement to an award for the fee application. Counsel merely states that "Plaintiff has incurred legal fees and costs and expenses in preparing this [attorneys' fees] motion which are estimated to be at least $2000.00." Fisher Aff. ¶ 21. Besides this "rough estimate," counsel has not submitted contemporaneous time records, reconstructed time records, or a list detailing the amount of hours expended on the motion's preparation. *See Williams,* 975 F.Supp. at 328 ("The time records submitted in support of an attorney's application for fees must be made contemporaneously with the associated work"); *Cruz,* 34 F.3d at 1160. Counsel also did not indicate which attorney, paralegal, or law clerk worked on the fee application, including who drafted the motion and who compiled the data and exhibits. This information is necessary to determine the reasonableness of the requested fees on this motion. Thus, we exercise our discretion to deny fees for the time spent preparing the fee application because Nextel's counsel did not include time records of any sort with its application. *Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986).

## III. Costs

In addition to receiving attorneys' fees, a prevailing party may be entitled to recover reasonable out-of-pocket expenses that were incurred during the litigation and that are normally charged to a fee-paying client. *United States Football League v. National Football League,* 887 F.2d 408, 416 (2d Cir.1989), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1022 (1990); *Reichman v. Bonsignore, Brignati & Mazzotta P.C.,* 818 F.2d 278, 283 (2d Cir.1987). Gener-

ally, recoverable expenses include those items not associated with an attorney's routine overhead, such as duplicating, postage, and telephone costs. *LeBlanc–Sternberg,* 143 F.3d at 758; *Kuzma v. IRS,* 821 F.2d 930, 933–34 (2d Cir.1987). Although plaintiff requested $3,097.52 in costs, we exclude from this amount any entries which did not correspond to the billing entries (such as a request for travel costs in August when no time records indicate that someone traveled for the case in August). We also exclude the amount of costs for computerized legal research because these amounts are recoverable as part of attorneys' fees, and not costs.

*United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.,* 95 F.3d 153, 173 (2d Cir.1996). Thus, we calculated that Nextel is entitled to $1,096.81 in costs. A detailed explanation of our determination is set forth in Exhibit B.

### CONCLUSION

Based on the previous discussion, we grant plaintiff's fee application (document # 22), as modified herein, and grant Nextel $9,411.93 ($8,315.12 + $1,096.81) in attorneys' fees and costs.

**SO ORDERED.**

Exhibit A

**Fees—June**
Fisher

| | | | |
|---|---|---|---|
| 40.50 hours | (requested) | | |
| − 17.25 hours | (50% reduction for time spent on complaint) | | |
| − 6.00 hours | (exclusion for zoning hearing preparation) | | |
| 17.25 total hours × $135 | | = | $2,328.75 |

Georgiou

| | | | |
|---|---|---|---|
| 6.50 hours | (requested) | | |
| − 2.00 hours | (exclusion for zoning hearing preparation) | | |
| − 2.25 hours | (50% reduction for time spent on complaint) | | |
| 2.25 total hours × $50 | | = | $112.50 |

Goldstein

| | | | |
|---|---|---|---|
| 1.6 hours | (requested) | | |
| − 0.8 hours | (50% reduction for time spent on complaint) | | |
| 0.8 total hours × $50 | | = | $40.00 |

Grant

| | | | |
|---|---|---|---|
| 1.4 hours | (requested) | | |
| − 0.7 hours | (50% reduction for time spent on complaint) | | |
| 0.7 total hours × $50 | | = | $35.00 |

Roth

| | | | |
|---|---|---|---|
| 5.9 hours | (requested) | | |
| − 2.2 hours | (exclusion for zoning hearing preparation) | | |
| − 1.85 hours | (50% reduction for time spent on complaint) | | |
| 1.85 total hours × $200 | | = | $370.00 |
| | | **June Total** | **$2,886.25** |

**Fees—July**
Fisher

| | | | |
|---|---|---|---|
| 3.7 hours | (requested) | | |
| − 1.5 hours | (exclusion for time spent researching default judgment) | | |
| 2.2 total hours × $135 | | = | $397.00 |

Georgiou

| | | |
|---|---|---|
| 0.3 total hours × $50 | = | $15.00 |
| | **July Total** | **$312.00** |

**Fees—August**
Fisher

| | | |
|---|---|---|
| 1.2 total hours × $135 | = | $162.00 |
| | **August Total** | **$162.00** |

**Fees—September**
Fisher

| | |
|---|---|
| 69.70 hours | (requested) |

— 33.85 hours (50% reduction for time spent on summary judgment)

35.85 total hours × $135 = $4,839.75

Abramowitz

6.30 hours (requested)

— 3.15 hours (50% reduction for time spent on summary judgment)

3.15 total hours × $100 = $315.00

Leary

2.70 hours (requested)

— 1.35 hours (50% reduction for time spent on summary judgment)

1.35 total hours × $130 = $175.50

 **Sept. Total** $5,330.25

**Fees—October**

Fisher

4.9 hours (requested)

— 2.1 hours (50% reduction for time spent on summary judgment and reply)

2.8 total hours × $135 = $378.00

Marcus

2.30 hours (requested)

— 1.15 hours (50% reduction for time spent on summary judgment)

1.15 total hours × $50 = $57.50

 **Oct. Total** $435.50

**Fees—November**

Fisher

3.50 hours (requested)

— 1.25 hours (50% reduction for time spent on reply)

2.25 total hours × $135 = $303.75

Georgiou

11.10 hours (requested)

— 5.55 hours (50% reduction for time spent on reply)

5.55 total hours × $50 = $277.50

 **Nov. Total** $581.25

**Fees—December**

Fisher

31.6 hours (requested)

— 15.8 hours (50% reduction for time spent on reply)

15.8 total hours × $135 = $2,133.00

Georgiou

0.50 hours (requested)

— 0.25 hours (50% reduction for time spent on reply)

0.25 total hours × $50 = $12.50

Leary

0.40 hours (requested)

— 0.20 hours (50% reduction for time spent on reply)

0.20 total hours × $130 = $26.00

 **Dec. Total** $2,171.50

 **Sub–Total for Fees** $11,878.75

— 30% reduction for insufficient time records — 3,563.63

 **Grand Total for Fees** = $ 8,315.12

 Exhibit B

**Costs—June**

$395.36 (requested)

 **June Total** $395.36

**Costs—July**

**156**

$379.19 (requested)
− 163.13 (reduction for legal research)
$216.06

| | |
|---|---|
| July Total | $216.06 |

**Costs—August**
$133.02 (requested)
− 73.32 (reduction for legal research)
− 49.60 (reduction because no corresponding time entry for travel in August)
$ 10.10

| | |
|---|---|
| August Total | $10.10 |

**Costs—September**
$ 56.61 (requested)

| | |
|---|---|
| Sept. Total | $56.61 |

**Costs—October**
$1874.00 (requested)
− 1663.93 (reduction for legal research)
$ 210.07

| | |
|---|---|
| Oct. Total | $210.07 |

**Costs—November**
$186.09 (requested)
− 50.73 (reduction for legal research)
$135.36

| | |
|---|---|
| Nov. Total | $135.36 |

**Costs—December**
$73.25 (requested)

| | |
|---|---|
| Dec. Total | $73.25 |
| Grand Total for Costs | = $1,096.81 |