**P.L., by and Through Her Parents and Next Friends, Mr. and Mrs. L., Plaintiffs,**

v.

**NORWALK BOARD OF EDUCATION, Defendant.**

**No. 3:98CV01121(WWE).**

United States District Court, D. Connecticut.

Sept. 1, 1999.

David C. Shaw, Law Offices of David C. Shaw, Hartford, CT, for Plaintiff.

Marsha Belman Moses, Michelle Claire Laubin, Berchem, Moses & Devlin, P.C, Milford, CT, for Defendant.

### RULING ON PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT FOR ATTORNEYS' FEES AND FOR COSTS AND FEES INCURRED IN FEE LITIGATION

EGINTON, Senior District Judge.

### INTRODUCTION

Plaintiffs move for reasonable attorneys' fees and costs incurred in connection with administrative proceedings initiated by the defendant under the Individuals with Disabilities Act, 20 U.S.C. Sections 1400 *et seq.* ("IDEA") and for work performed in litigating this action for recovery of such fees and costs. Defendant filed a memorandum in opposition, challenging the reasonableness of the requested fees and costs. The parties do not disagree with the underlying decision of the administrative law judge.

The Motions are now ready for decision.

### STATEMENT OF FACTS

P.L. is a nine year old child whose disabilities include Downs Syndrome, associated global delays, including cognitive, adaptive, social, motor planning and language delays.

The vast majority of P.L.'s time has been spent in a normal school room setting, with little "pull out" time. Her progress was described by the Board's attorney as "a success story in inclusion, a dramatic success story." Her teacher agreed.

In February of 1997, however, the Board determined that P.L.'s "pull out" time was to change dramatically, with much more time out of the normal classroom setting. Her parents vehemently disagreed with this course of action.

In an unusual occurrence, the Board announced that it would seek a Due Process Hearing before an administrative law judge ("ALJ") to determine the propriety of its plan. The hearings were held for thirteen days and P.L.'s parents objections were upheld by the ALJ, while the Board lost on every issue. Hence, plaintiffs were the prevailing parties on each and every issue before the ALJ.

### LEGAL ANALYSIS

After determining prevailing party status the Court must next determine what fee is reasonable. 20 U.S.C. § 1415(e)(4)(C). Calculation of the amount of reasonable attorneys' fees to be granted is referred to as the "lodestar." The Court will "calculate the 'lodestar' figure based upon the 'hours reasonably spent by

counsel ... multiplied by the reasonable hourly rate.'" *Cruz v. Local Union No. 3 of Intern., Broth. of Elec., Workers,* 34 F.3d 1148, 1159 (2d Cir.1994) (*quoting F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1263 (2d Cir. 1987)). *See also Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

Calculation of the lodestar also requires the Court to determine the "prevailing market rates" for the types of services rendered, *e.g.,* the fees that would be charged for similar work by attorneys of like skill in the area. *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). There exists a strong presumption that the lodestar figure represents a reasonable fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *Grant v. Martinez,* 973 F.2d 96, 101 (2d Cir.1992).

### 1. *Reasonable Amount of Time Spent*

■ In *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) the Supreme Court instructed that, in reviewing fee applications, the district court should exclude hours that were not "reasonably expended." In this instance the Court determines that no hours were unreasonably expended. This was a highly contested, thirteen day hearing and the post-hearing briefing was extensive. The Court also finds that the team litigation approach taken by Attorneys Shaw and Roznoy was an appropriate, commonly used, and efficient manner of litigating a complex case such as this one.

The Court also finds that the time spent by Attorney Feinstein demonstrates diligent, competent work. To spend 33.5 hours to prepare the present complex moving papers represents an appropriate expenditure of time.

Accordingly, the Court will not reduce the hours claimed as being excessive, unreasonable or redundant.

■ Nor will the Court reduce the time spent by Attorney Shaw in traveling to and from these hearings. The Court agrees that in-office work can be fraught with distractions, while the drive time is often the time in which an attorney best analyzes the case, determines what is necessary to be done, and how to conduct the litigation in maximum service to his clients. *Accord, Gonzalez v. Stratford,* 830 F.Supp. 111 (D.Conn.1992).

Finally, it would have been redundant to have a paralegal digest the thirteen days of transcripts in preparation for the post-hearing memoranda. Attorney Shaw, who conducted the hearing for the plaintiffs, was the most appropriate individual to determine testimony supportive of plaintiffs' positions to be taken post-hearing. The transcripts were 2,254 pages in length and Attorney Shaw spent 35 hours in reviewing them. This does not represent an unreasonable or excessive amount of time.

Lastly, the time spent in connection with a fee application such as the present one is compensable. *Gagne v. Maher,* 594 F.2d 336, 343 (2d Cir.1979), *aff'd* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

### 2. *The Reasonable Hourly Rate*

■ Review of the affidavits of plaintiffs' counsel and the highly detailed affidavit of Attorney Yavis, an attorney who practices in the relevant market area, convinces this Court that the plaintiffs have met their burden of providing evidence that the rates requested "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum,* 465 U.S. at 895–96 n. 11, 104 S.Ct. 1541. Inasmuch as this case is only two years old, and due to the paucity of special education attorneys in this state, the Court orders that the attorneys be compensated at the current, not historical, rate. *See*

*Wilkinson v. Forst,* 729 F.Supp. 1416 (D.Conn.1990)(court determined that all fees incurred in the prior four years should be compensated at the current rate). *Accord, Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1060 (2d Cir.1989)(attorneys should be amply compensated for delay in receiving fees from opposing party).

The Court finds that the fees requested by plaintiffs' counsel are reasonable and all allowable. Attorney Shaw will be compensated at the rate of $250 per his 389 hours in this case, Attorney Feinstein will be compensated at the rate of $175 per his 33.5 hours, while Attorney Roznoy shall be compensated at the rate of $150 per his 24.9 hours.

### 3. *Expert Witness Fees*

█ Contrary to the Board's position, expert fees are reimbursable under the IDEA as part of the costs. *C.G. v. New Haven Board of Education,* 988 F.Supp. 60, 68 (D.Conn.1997), *citing to April S. v. Board of Educ., City of Norwalk,* No. 2:92CV00976 (D.Conn. January 29, 1996)(PCD); *Simon F. and Jacob F. v. Trumbull Bd. Of Educ.,* No. 3:93CV1132 (D.Conn.1995)(TFGD); *Pratt v. Regional Sch. No. 15,* No. 2:91CV1205 (D.Conn. October 27, 1993)(JAC).

Consequently, when the plaintiffs submit their request for costs and fees to the Office of the Clerk, they are to submit therewith the bills for each of these experts. Should plaintiffs have paid any expert personally, they are to submit evidence therewith in order to be reimbursed for such expert.

### CONCLUSION

Plaintiffs' Motion for Summary Judgment For Attorneys' Fees [Doc. No. 13] and Plaintiffs' Supplementary Motion for Costs and Fees Subsequent to October 15, 1998 [Doc. No. 20] are hereby GRANTED. Attorneys' fees in the amount of $117,626.22 shall be paid to plaintiffs within thirty days of the receipt of this Ruling.

The Clerk is directed to enter judgment for plaintiffs and to close this case.

SO ORDERED