**Donald SCHMIDT et al.**

v.

**Kenneth DEVINO et al.**

**No. 3:99–CV–555 (JGM).**

United States District Court, D. Connecticut.

Oct. 28, 2001.

---

James P. Brennan, Brennan & Isaac, Waterbury, CT, for Donald Schmidt, Robert P. Hanahan, plaintiffs.

Frederick W. Krug, Matzkin, Krug & Danen, P.C., Waterbury, CT, for Kenneth Devino, Devino Fuels, Inc., defendants.

## RULING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

MARGOLIS, United States Magistrate Judge.

Familiarity is presumed with the factual and procedural history behind this litigation, which is set forth in the Memorandum of Decision, filed March 30, 2001. (Dkt.# 54). After a bench trial held on January 22–23, 2001, judgment was entered for plaintiffs on April 19, 2001 as follows: for plaintiff Donald Schmidt, judgment was entered in the amount of $2,500 in punitive damages for defendants' violation of the Omnibus Crime Control Act of 1968, 18 U.S.C. § 2510 *et seq.* ["Federal Wiretap Act"]; and for plaintiffs Schmidt and Robert Hanahan, judgment was entered in the amount of $1,000 each for defendants violation of the Connecticut Wiretapping and Electronic Surveillance Act, CONN.GEN.STAT. § 54–41r ["State Wiretap Act"]. (Dkt.# 55). As directed in the Memorandum of Decision, plaintiffs filed their motion for attorney's fees and costs, and brief and affidavit in support on April 20, 2001. (Dkts.## 56–57).[1] Defendants' brief in opposition was filed on May

---

1. Two exhibits were attached: Affidavit of Attorney James P. Brennan, dated April 19, 2001 (Exh. A); and billing records from Brennan & Isaac, Attorneys at Law (Exh. B).

14, 2001 (Dkt.# 60); one week later, plaintiffs filed their reply brief. (Dkt.# 61)[2].

Pursuant to the Federal Wiretap Act and the State Wiretap Act, plaintiffs argue that as prevailing parties, they are entitled to recover attorney's fees in the amount of $34,086.50 and costs totaling $2,982.00. Plaintiffs point out that the Second Circuit has long applied the "lodestar" method to determine reasonable attorney's fees which is based on the hours reasonably spent by counsel multiplied by the reasonable hourly rate. *See Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir.1994) (citation omitted). Defendants counter with the argument that the award of attorney's fees and costs is discretionary as evidenced by the use of the word "may" in the federal statute. When addressing the State Wiretap Act, defendants argue that even though the word "shall" is used with regard to the award of attorney's fees and costs, the state statute is to be interpreted similarly to the Federal Wiretap Act and that the use of the word "shall" has been interpreted as directory rather than mandatory by the Connecticut Supreme Court. Defendants look to the de minimis violation of the Federal Wiretap Act and plaintiffs' inability to prove actual damages to support their contention that the only reasonable attorney's fee is no fee at all.

## *I. DISCUSSION*

Both the Federal Wiretap Act and the State Wiretap Act permit the award of a reasonable attorney's fee and other litigation costs reasonably incurred. Specifically, the Federal Wiretap Act provides that "any person whose wire ... communication is intercepted, ... *may* ... recover ... such relief as may be appropriate ...

includ[ing] a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. § 2520(a)-(b)(3) (emphasis added). The State Wiretap Act provides that "[a]ny person whose wire communication is intercepted ... *shall* ... be entitled to recover ... a reasonable attorney's fee and other litigation costs reasonably incurred." CONN.GEN.STAT. § 54-41r (emphasis added).

To qualify for attorney's fees, a plaintiff must be a "prevailing party" in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (the standards set forth in the *Hensley* opinion "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"). "[T]o qualify as a prevailing party ... a ... plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought." *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (citation omitted). "[U]nder the prevailing party standard, 'fee awards are not appropriate where, having failed to capture compensatory or punitive damages, a plaintiff wins only the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated.'" *Blackledge v. Carlone*, 126 F.Supp.2d 224, 232 (D.Conn.2001) (citation omitted).

After determining who is a prevailing party, the district court ascertains what fee is "reasonable." *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. In calculating reasonable attorney's fees, the court must determine the hours reasonably spent by counsel multiplied by the reasonable hourly rate. *See Blackledge*, 126 F.Supp.2d at 232 (citation omitted). *See also Cruz*, 34

---

**2.** Two exhibits were attached: copy of *Ayres v. 127 Restaurant Corp.*, No. 99-7723, 1999 WL 1295335 (2d Cir. Dec.23, 1999) (Exh. A);

and Affidavit of William P. Yelenak, dated May 18, 2001 (Exh. B).

F.3d at 1159. This is referred to as the "lodestar" and the "figure should be 'in line with those [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.'" *Blackledge,* 126 F.Supp.2d at 232 (citation omitted).

After the lodestar figure is calculated, other factors may be considered leading the district court to adjust the fee upward or downward. *See id.* at 233. "The most important factor in determining the reasonableness of a fee is the degree of success obtained." *Pino v. Locascio,* 101 F.3d 235, 237 (2d Cir.1996) (citing *Farrar,* 506 U.S. at 114, 113 S.Ct. 566). Where a plaintiff achieves "only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Farrar,* 506 U.S. at 114, 113 S.Ct. 566 (citing *Hensley,* 461 U.S. at 436, 103 S.Ct. 1933). The twelve factors[3] included in *Hensley* are also to be considered. *See Blackledge,* 126 F.Supp.2d at 233 n. 1. "Although one of the *Hensley* factors is the amount involved in the suit, this does not mean that the fees awarded may not permissibly exceed the amount recovered." *Id.* at 233. After consideration of "the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar,* 506 U.S. at 115, 113 S.Ct. 566 (citation omitted).

"Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley,* 461 U.S. at 440, 103 S.Ct. 1933.

In *Farrar,* 506 U.S. at 105–07, 113 S.Ct. 566, the plaintiff sued six defendants alleging a conspiracy of plaintiff's civil rights; however, plaintiff only prevailed on one claim against one of the six defendants. The Supreme Court affirmed the Court of Appeals in its reversal of the District Court's fee award of $280,000 wherein the prevailing party had sought $17 million in compensatory damages and had been awarded only nominal damages of one dollar.

In *Pino,* 101 F.3d at 237, the jury found that plaintiff was sexually harassed but that she had failed to prove damages; similar to *Farrar,* the jury returned a verdict awarding the plaintiff one dollar in nominal damages. After the district court granted plaintiff attorney's fees of $50,590.80 and $4,842.49 in costs, defendant appealed the award of attorney's fees arguing that attorney's fees are inappropriate where a plaintiff wins only nominal damages. Applying *Farrar's* holding that attorney's fees and costs are usually not appropriate when a plaintiff recovers only nominal damages, the Second Circuit acknowledged that situations may arise where such an award is appropriate. *Id.* at 239.

---

**3.** The twelve factors include: time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service properly; preclusion of other employment by the attorney due to the acceptance of the case; the customary fee for similar work in the community; whether the fee was fixed or contingent; time limitations imposed by the client or circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorney; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *See also Bristol Tech., Inc. v. Microsoft Corp.,* 127 F.Supp.2d 64, 68 (D.Conn.2000).

## A. Attorney's Fees

The instant case consisted of related claims under both the Federal Wiretap Act and the State Wiretap Act. Although plaintiffs are considered prevailing parties, the relief obtained under the Federal Wiretap Act was not substantial. One who violates the Federal Wiretap Act may be subject to the actual damages suffered by the plaintiff and any profits gained or statutory damages of $100 a day for each day the Act is violated or $10,000, whichever is greater. 18 U.S.C. § 2520(c)(2)(A)–(B). In this case, the Court found a de minimis violation of the Federal Wiretap Act—plaintiffs did not prove that the recording device was operational for an extended period of time, there was no proof that a substantial number of telephone conversations were intercepted, there was no financial loss to either plaintiff as well as no profit to defendant, and one of defendant's purposes was to prove that his brother's faith in plaintiff was misplaced. As a result the Court did not award statutory damages to either plaintiff. Punitive damages of $2,500 were awarded to Schmidt; no punitive damages were awarded to Hanahan.

Plaintiffs, although unable to prove any prolonged violation of the State Wiretap Act or any actual damages, did prevail on the State Wiretap Act claim; the Court awarded each plaintiff $1,000 in accordance with CONN.GEN.STAT. § 54–41r. This, however, also cannot be considered substantial relief. On the two additional claims put forth by plaintiffs, fraudulent concealment and invasion of privacy, judgment was entered for defendants.

■ The case before this court, as was true in *Pino*, 101 F.3d at 239, "does not result in ground-breaking conclusions of law." On the other hand, although plaintiffs did not receive substantial relief, Schmidt recovered punitive damages under the Federal Wiretap Act and both plaintiffs recovered statutory amounts under the State Wiretap Act. The attorney's fees submitted by plaintiffs must be re-evaluated to consider the reasonableness of these fees. First, any fees awarded must take into account the fact that complex legal issues were not involved in this trial which lasted only two days; then the reasonableness of the fees in light of plaintiffs' limited success must be considered. Plaintiffs' attorney has submitted a bill for 229.20 hours,[4] for a total fee of $34,086.50. To reach the lodestar figure the Court is reducing the hours reasonably spent to 150 hours, an approximate thirty-five percent reduction. Defendants do not disagree with the reasonableness of plaintiffs' hourly rates, so the lodestar figure is calculated at $22,310. The Court next reduces this lodestar figure by fifty percent to reflect the overall limited success of plaintiffs' suit. Accordingly, the Court awards plaintiffs $11,155 in attorney's fees.

## B. Costs

■ A prevailing party may recover reasonable out-of-pocket expenses incurred during the litigation. *See Smart SMR of New York, Inc. v. Zoning Comm'n of the Town of Stratford,* 9 F.Supp.2d 143, 153 (D.Conn.1998) (citations omitted). "Generally, recoverable expenses include those items not associated with an attorney's routine overhead, such as duplicating, postage, and telephone costs." *Id.* at 153–54 (citations omitted). Plaintiffs requested $2,982.00 in costs. However, according to Local Rule 17, many of the

---

**4.** Plaintiffs' breakdown of hours include 224.60 hours billed at a partner rate of $150.00, 1.50 hours billed at the associate rate of $130.00, and 3.10 hours billed at the paralegal rate of $65.00.

entries are not recoverable as costs. These include computerized legal research fees ($511.57), postage expenses ($128.95), cost of enlargements exceeding 8 1/2 X 11″ ($85.86), service of process fees for discovery subpoenas ($178.00). Accordingly, the costs which may be recovered by plaintiffs total $1,987.21.

## II. CONCLUSION

For the reasons stated above, plaintiffs' Motion (Dkt.# 56) is *granted* as follows: the Court awards attorney's fees in the amount of $11,155 and costs in the amount of $1,987.21.

